PER CURIAM.
The appellant, Ronald Grillo, challenges the trial court’s order granting summary judgment in favor of the appellee, Raymond James & Associates, -Inc. We reverse.
The appellee, a securities brokerage firm, filed a complaint against the appellant in Pinellas County Circuit Court. The complaint essentially alleged that the appellant had opened an account at the appellee’s branch office in Clearwater, that he placed orders to purchase certain securities for which he never paid, and that he owed the appellee approximately $11,077 plus interest, costs and attorney’s fees as a result of this transaction. Attached to the complaint was a copy of the appellee’s “new account form” which was signed both by the appellant and an agent of the appellee. The new account form contained the following provision:
ARBITRATION AGREEMENT
The undersigned client agrees, and by carrying an account for the undersigned client you agree, that all controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration. ...
Eighteen days after the complaint was filed, the appellant filed a motion to dismiss and compel arbitration in which he requested the trial court to submit the controversy to arbitration pursuant to the terms of the parties’ agreement. The following month, the appellee filed a motion for summary judgment along with supporting memorandum of law and affidavits. None of these *1122 documents, however, addressed the appellant’s motion to dismiss and compel arbitration.
The appellant filed a memorandum in response to the appellee’s motion for summary judgment which asserted, among other things, that the granting of summary judgment would be inappropriate in light of his pending motion to dismiss and compel arbitration. The trial court subsequently granted the appellee’s motion for summary judgment without addressing the merits of the appellant’s previously filed motion to dismiss and compel arbitration. This timely appeal followed.
It is clear that the appellant did not waive his right to compel arbitration because nothing in the record indicates that he engaged in any conduct inconsistent with that right. See U.S. Fire Insurance Co. v. Franko, 443 So.2d 170 (Fla. 1st DCA 1983). See also, Ziegler v. Knuck, 419 So.2d 818 (Fla. 3d DCA 1982). Since the appellant did not waive his right to have this matter resolved in arbitration, the trial court should have determined whether there existed a substantial issue as to the making of the arbitration agreement prior to considering the appellee’s motion of summary judgment. See § 682.03(1), Fla. Stat. (1987); U.S. Fire Insurance at 172. If a trial court finds that the parties’ arbitration agreement is binding and that it controls the particular allegations raised in the complaint, the case must be submitted to arbitration. See Manalili v. Commercial Mowing and Grading, 442 So.2d 411 (Fla. 2d DCA 1983). Where the right to arbitration is properly asserted, proceeding with the dispute in the courts instead of submitting the matter to arbitration constitutes a departure from the essential requirements of law. See Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980).
In light of the foregoing, we agree with the appellant’s contention that the trial court improperly granted the appellee’s motion for summary judgment without considering the appellant’s previously filed motion to dismiss and compel arbitration. We, accordingly, reverse the trial court’s order of summary judgment and remand the cause for proceedings consistent with this opinion and the provisions of chapter 682, Florida Statutes (1987). Because our disposition of this case renders moot the other issue raised by the appellant, we decline to address it.
Reversed and remanded.
SCHOONOVER, A.C.J., and LEHAN and FRANK, JJ., concur.