DAVIS, Judge.
 

 Carrington Place of St. Petersburg, LLC; Traditions Management of Florida; Ben Atkins; Mary A. Morrison; Paul J. Prybylski; Dawn Edwards; and Nancy J. Malloy (Appellants) appeal the trial court’s order denying their motion to dismiss and compel arbitration and/or stay proceedings. After Jennie Milo died following a stay at a nursing home, Annette Brito, as the personal representative of Milo’s estate, brought suit against Appellants for wrongful death, negligence, breach of fiduciary duty, and residents’ rights violations.
 
 [1]
 
 When Appellants sought to dismiss or stay the proceedings in order to proceed to arbitration, the trial court denied the motion. Because the trial court correctly determined that the durable power of attorney (POA) executed by Milo did not grant Brito the authority to enter into the arbitration clause of the nursing home admission agreement, we affirm.
 

 On March 5, 2002, Milo executed a POA appointing Brito, who is her daughter, as her attorney-in-fact. When Milo entered Carrington Place on June 3, 2006, Brito signed the necessary admission documents, which included an arbitration agreement. At that time, Brito did not indicate a desire to exclude the arbitration provision from the admission agreement. After Milo’s death and the initiation of the lawsuit, Appellants moved to compel arbitration based on that arbitration clause. Following a hearing, the trial court entered an order denying the motion and concluding that the POA held by Brito was insufficient to authorize her to waive Milo’s right to a jury trial and agree to arbitration.
 

 Where nothing in a POA gives an attorney-in-fact legal authority to enter into an arbitration agreement on a person’s behalf, a trial court is incorrect to grant a nursing home’s motion to compel arbitration based on an admission agreement entered into by the attorney-in-fact.
 
 See Estate of McKibbin v. Alterra Health Care Corp. (In re Estate of McKibbin),
 
 977 So.2d 612 (Fla. 2d DCA),
 
 review denied,
 
 987 So.2d 79 (Fla.2008).
 
 Cf. Jaylene, Inc. v. Moots,
 
 995 So.2d 566, 568 (Fla. 2d DCA 2008) (holding that an attorney-in-fact had the authority under a POA to agree to an arbitration clause in a nursing home admission agreement on behalf of the principal of the POA where, although the POA contained no specific provisions granting the power to consent to arbitration, it conferred an “extremely broad and unambiguous” grant of authority). In
 
 Jaylene,
 
 this court found that “[t]he
 
 McKibbin
 
 case is controlling only to the extent that it is possible to determine from the court’s opinion that the power of attorney at issue in that case was similar to the POA held by [the attorney-in-fact].” 995 So.2d at 570. Because
 
 “McKibbin
 
 does not set forth the language of the [POA] under review in that case,” it does not control “where the POA unambiguously makes a broad, general grant of authority to the attorney-in-fact.”
 
 Id.
 

 Examining the POA executed here by Milo, we conclude that the language specifically refers to the rights, duties, and powers that Brito may exercise on behalf of Milo. But the language does not “unambiguously make[] a broad, general grant of authority” to Brito.
 
 See id.
 
 Our review of the language of the POA seemingly indicates that it specifically granted authority to Brito related solely to Milo’s
 
 *342
 
 property interests. Accordingly,
 
 McKib-bin
 
 controls, and we must affirm the trial court’s denial of Appellants’ motion to compel arbitration.
 

 Affirmed.
 

 NORTHCUTT, C.J., and VILLANTI, J., Concur.
 

 [1]
 

 .
 
 See
 
 §§ 400.011-.334, Fla. Stat. (2007).