DAVIS, Judge.
 

 Sovereign Healthcare of Tampa, LLC (Sovereign), appeals the trial court’s order denying its motion to compel arbitration in the action for negligence, wrongful death, and breach of fiduciary duty brought against Sovereign by the Estate of Florin-da Huerta. We reverse.
 

 On July 21, 2001, Florinda Huerta executed a durable power of attorney (POA) appointing her daughter-in-law as her at-tomey-in-fact. On May 13, 2006, Ms. Huerta entered a nursing home operated by Sovereign. At that time, Ms. Huerta’s daughter-in-law signed the necessary admission documents, which included an arbitration provision. Ms. Huerta died following her stay at the Sovereign facility, and the personal representative of her estate, Dennis Huerta, brought suit against Sovereign. Sovereign sought to compel arbitration based on the arbitration clause in the admission agreement. Following a hearing on the motion, the trial court entered an order, denying the motion and specifically finding that the POA held by Ms. Huerta’s daughter-in-law was insuffi-’ cient to authorize her to waive Ms. Huerta’s right to a jury trial and agree to arbitration. In so ruling, the trial court acknowledged that the issue of whether a POA is sufficient to grant an attorney-in-fact the authority to waive the right to a jury trial has not yet been fully resolved by the court but concluded that this court’s opinion in
 
 Estate of McKibbin v. Alterra Health Care Corp. (In re Estate of McKibbin),
 
 977 So.2d 612 (Fla. 2d DCA),
 
 review denied,
 
 987 So.2d 79 (Fla.2008), required that Sovereign’s motion to compel arbitration be denied. This was error.
 

 Without reciting the language of the POA at issue in that case, this court in
 
 McKibbin
 
 concluded that
 
 “[njothing in that power of attorney,
 
 however, gave Ms. McKibbin’s son the legal authority to enter into an arbitration agreement on behalf of his mother.” 977 So.2d at 613 (emphasis added). Based on this conclusion, this court decided that the trial court erred in granting the nursing home’s motion to compel arbitration.
 
 Id.
 

 This court addressed the limitations to the application of
 
 McKibbin
 
 in
 
 Jaylene, Inc. v. Moots,
 
 995 So.2d 566, 570 (Fla. 2d DCA 2008), by stating, “The
 
 McKibbin
 
 case is controlling only to the extent that it is possible to determine from the court’s opinion that the power of attorney at issue in that case was similar to the POA held by [the attorney-in-fact].” This court further concluded that a trial court correctly compels the enforcement of arbitration provisions where a POA either makes a specific grant of such authority or “unambiguously makes a broad, general grant of authority to the attorney-in-fact.”
 
 Id.
 

 Whether a POA contains a provision that constitutes a sufficiently broad and unambiguous grant of general authority is a matter that requires examination of the language of any catch-all provision contained in a POA, as well as of the relationship of that language to the type or types of interests over which an attorney-in-fact is specifically granted authority within the POA.
 
 See Carrington Place of St. Pete, LLC v. Estate of Milo (In re Estate of Milo)
 
 , — So.3d-(Fla. 2d DCA 2009) (concluding that the trial court properly denied a motion to compel arbitration where there was no specific grant of authority and the catch-all provision of the POA did not contain a sufficiently broad and unambiguous grant of authority because the POA appeared to otherwise only grant specific authority related to property interests).
 

 
 *1035
 
 In light of
 
 Jaylene,
 
 our review of the language of the catch-all provision of the instant POA indicates that it sets forth a broad and unambiguous grant of authority to Ms. Huerta’s daughter-in-law. Furthermore, the authority granted by the other provisions of the POA include grants of authority to consent to hospitalization and “to sign any and all releases or consent required” to effectuate such hospitalization. Accordingly, we conclude that
 
 McKibbin
 
 does not control and that the trial court erred in concluding that the POA executed by Ms. Huerta did not grant her attorney-in-fact the authority to enter into the arbitration clause of the nursing home admissions agreement. We therefore reverse the order denying the motion and remand for the entry of an order staying the action and compelling arbitration.
 

 Reversed and remanded.
 

 WHATLEY and KELLY, JJ„ Concur.