ORFINGER, J.
 

 Debra Laizure, the personal representative of the estate of Harry L. Stewart (“the Estate”), appeals from an interlocutory order compelling arbitration of the Estate’s claims against Appellees. We affirm.
 

 Mr. Stewart died several days after he was admitted to Avante at Leesburg Outpatient Rehab., Inc., a skilled nursing fácil
 
 *1256
 
 ity licensed pursuant to chapter 400, Florida Statutes. The Estate sued Avante at Leesburg Outpatient Rehab., Inc., Avante Care Ancillary Services Inc., and Avante Group, Inc. (collectively, “Avante”),
 
 [1]
 
 alleging -wrongful death and the deprivation of Mr. Stewart’s statutorily mandated nursing home resident’s rights. Avante filed a motion to compel arbitration predicated on the arbitration agreement that Mr. Stewart signed on admission.
 
 [2]
 
 That agreement provides, in pertinent part:
 

 This Agreement is made between Avante at Leesburg (“Facility”) and Harry L Stewart (“Resident” or “Resident’s Authorized Representative”) and is an addendum to and part of the Admission Agreement.
 

 The Facility and the Resident and/or Resident’s Authorized Representative (hereinafter referred to collectively as the “Parties”) understand and agree that any legal dispute, controversy, demand, or claim where the damages or other amount in controversy is/are alleged to exceed ten thousand dollars ($10,000.00), and that arises out of or relates to the Resident Admission Agreement or is in any way connected to the Resident’s stay at the Facility shall be resolved exclusively by binding arbitration; and not by a lawsuit or resort to other court process. The parties understand that arbitration is a process in which a neutral third person or persons (“arbitrator(s)”) considers the facts and arguments presented by the parties and renders a binding decision.
 

 This agreement to arbitrate shall include, but is not limited to, any claim for ... breach of contract, breach of fiduciary duty, fraud or misrepresentation, common law or statutory negligence, gross negligence, malpractice or a claim based on any departure from accepted standards of medical or nursing care (collectively “Disputes”), where the damages or other amount in controversy is/ are alleged to exceed ten thousand dollars ($10,000.00). This shall expressly include, without limitation, claims based on Chapter 400, Florida Statutes, which allege damages in excess of ten thousand dollars ($10,000.00).
 

 This agreement shall be binding upon, and shall include any claims brought by or against the Parties’ representatives, agents, heirs, assigns, employees, managers, directors, shareholders, management companies, parent companies, subsidiary companies or related or affiliated business entities.
 

 The Estate opposed arbitration, contending that the agreement was procedurally and substantively unconscionable, and that the wrongful death claim was not an arbitrable issue. Following a hearing, the trial court granted Avante’s motion and ordered arbitration. The court found that the arbitration agreement was valid, that the claims brought by the Estate were arbitrable issues, and that Avante’s right to arbitration had not been waived. The trial court then abated the action pending resolution of this appeal.
 
 [3]
 

 The parties agree that the applicable standard of review is de novo as to questions of law. Appellate review of the trial court’s factual findings is limited to
 
 *1257
 
 determining that such findings are supported by competent, substantial evidence.
 
 Gainesville Health Care Ctr., Inc. v. Weston,
 
 857 So.2d 278, 283 (Fla. 1st DCA 2003). In considering whether a dispute is subject to arbitration, courts consider three primary issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.
 
 Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999) (citing
 
 Terminix Int’l Co., LP v. Ponzio,
 
 693 So.2d 104, 106 (Fla. 5th DCA 1997)). The first two inquiries are implicated in this appeal.
 

 The Estate contends that the arbitration agreement does not, and could not, encompass a wrongful death claim because that claim did not belong to Mr. Stewart, but rather is an independent claim belonging to the Estate and Mr. Stewart’s statutory survivors. As a result, the Estate asserts that Mr. Stewart lacked the authority to bind the Estate and his heirs to an agreement to arbitrate that they did not sign. The issue is thus one of contract formation — whether a valid agreement to arbitrate exists. Surprisingly, while many wrongful death cases ordered to arbitration have been the subject of appellate opinions, no Florida decision appears to have directly addressed the issue of whether a nursing home arbitration agreement executed by a patient, is binding on his estate and survivors in the event a wrongful death claim is subsequently pursued.
 
 See, e.g., ManorCare Health Servs., Inc. v. Stiehl,
 
 22 So.3d 96 (Fla. 2d DCA 2009);
 
 Carrington Place of St. Pete, LLC v. Estate of Milo ex rel. Brito,
 
 19 So.3d 340 (Fla. 2d DCA 2009);
 
 Sovereign Healthcare of Tampa, LLC v. Estate of Huerta ex rel. Huerta,
 
 14 So.3d 1033 (Fla. 2d DCA 2009);
 
 Shotts v. OP Winter Haven, Inc.,
 
 988 So.2d 639 (Fla. 2d DCA 2008);
 
 Estate of Orlanis ex rel. Marks v. Oakwood Terrace Skilled Nursing & Rehab. Ctr.,
 
 971 So.2d 811 (Fla. 3d DCA 2007);
 
 Extendicare Health Servs., Inc. v. Estate of Patterson,
 
 898 So.2d 989 (Fla. 5th DCA 2005).
 

 There are a number of well-established general principles that govern agreements to arbitrate. Florida public policy favors arbitration.
 
 See, e.g., Bland, ex rel. Coker v. Health Care & Ret. Corp. of Am.,
 
 927 So.2d 252, 258 (Fla. 2d DCA 2006);
 
 Beverly Hills Dev. Corp. v. George Wimpey of Fla., Inc.,
 
 661 So.2d 969 (Fla. 5th DCA 1995). ‘‘[Arbitration clauses are enforceable and favored when the disagreement falls within the scope of the arbitration agreement.”
 
 Sears Authorized Termite & Pest Control, Inc. v. Sullivan,
 
 816 So.2d 603, 606 (Fla.2002). However, contractual arbitration is mandatory only for controversies or disputes that the parties have agreed to submit to arbitration.
 
 Nestler-Poletto Realty, Inc. v. Kassin,
 
 730 So.2d 324, 326 (Fla. 4th DCA 1999).
 

 In
 
 Seifert,
 
 the supreme court held that a wrongful death claim was not arbitrable where the arbitration agreement contained in a homebuyer’s purchase and sale contract did not include the arbitration of personal injury tort claims.
 
 [4]
 
 Referring to the arbitration agreement as being part of
 
 *1258
 
 a “commercial transaction,” the court stated that “in the absence of express language in the parties’ contract mandating arbitration of such disputes, we conclude that such a result is not required here.”
 
 Seifert,
 
 750 So.2d at 642. Importantly, however,
 
 Seifert
 
 did not hold that wrongful death claims are not arbitrable. Rather, it concluded that an arbitration provision in a homebuyer’s contract, which did not refer to tort claims for personal injuries, did not require arbitration of such disputes.
 

 In this case, unlike the agreement in
 
 Seifert,
 
 the arbitration agreement is broad, encompassing
 

 any claim based on ... common law or statutory negligence, gross negligence, malpractice or a claim based on any departure from accepted standards of medical or nursing care.... This shall expressly include, without limitation, claims based on Chapter 400, Florida Statutes....
 

 The wrongful death claim is based on Avante’s alleged negligence, specifically the failure “to render care, treatment and services in a reasonably prudent manner and in accordance with accepted standards of care and practice in the nursing home facilities industry.” Since the wrongful death claim is related to the care provided to Mr. Stewart, it falls squarely within the language of the arbitration agreement. Likewise, the arbitration agreement provision that it “shall be binding upon, and shall include any claims brought by or against the Parties’ representatives, agent, heirs ...,” makes it equally clear that it was intended to bind Mr. Stewart’s heirs and representatives.
 

 Notwithstanding, the Estate contends that the very nature of a wrongful death cause of action places it outside the terms of the arbitration agreement because it is an independent cause of action based on the Florida Wrongful Death Act, sections 768.16-768.26, Florida Statutes (2009).
 
 See Taylor v. Orlando Clinic,
 
 555 So.2d 876, 879 (Fla. 5th DCA 1989) (noting that under section 768.20, “[wjhen a personal injury to the decedent results in his death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate”). While we agree that a wrongful death action belongs to the survivors of the decedent, by statute, such an action is predicated on the “wrongful act, negligence, default or breach of contract or warranty” committed by the defendant which, as the result of the decedent’s death, transformed a personal injury claim into one for wrongful death.
 
 See
 
 § 768.19, Fla. Stat. (2009). Consequently, courts generally agree that wrongful death claims are derivative in nature, at least in the sense that they are dependent on a wrong committed against the decedent.
 
 Valiant Ins. Co. v. Webster,
 
 567 So.2d 408, 411 (Fla.1990), receded from on other grounds,
 
 Gov’t Employees Ins. Co. v. Douglas,
 
 654 So.2d 118 (Fla. 1995). The connection to the underlying tort also permits defenses that would have been available to a defendant had the decedent lived, to be equally available to a defendant in a •wrongful death action.
 
 See generally
 
 Thomas D. Sawaya,
 
 Fla. Personal Injury Law & Practice with Wrongful Death Actions,
 
 §§ 22.1-1l (2008-2009 ed.).
 

 The conclusion that a wrongful death claim is within the scope of an arbitration agreement is at least inferentially supported by
 
 Consolidated Resources Healthcare Fund I, Ltd. v. Fenelus,
 
 853 So.2d 500 (Fla. 4th DCA 2003). In
 
 Fenelus,
 
 the Fourth District was confronted with several challenges to the validity of a nursing home arbitration provision in an action for negligence and wrongful death brought by the personal representative of a deceased nursing home resident. In reversing an
 
 *1259
 
 order denying the nursing home’s motion to compel arbitration, the court addressed the estate’s contention, similar to that involved in
 
 Seifert,
 
 that there was no agreement that tort claims would be subject to arbitration. The Fourth District distinguished
 
 Seifert,
 
 explaining:
 

 Here, the agreement containing the arbitration clause obligated appellant to provide appropriate care to the decedent, and the dispute alleges that appellant failed to provide appropriate care. It certainly appears to us that there is a strong nexus between the dispute giving rise to the lawsuit and the contract containing the arbitration clause. That the claim sounds in negligence (failure to exercise reasonable care) rather than breach of contract (failure to fulfill a contractual obligation) does not ipso fac-to sever an otherwise significant relationship between the contractual obligation and the matter in dispute.
 

 Fenelus,
 
 853 So.2d at 506;
 
 see Global Travel Mktg., Inc. v. Shea,
 
 908 So.2d 392 (Fla.2005) (holding arbitration agreement in commercial travel contract enforceable against minor’s estate in wrongful death action).
 

 Other jurisdictions have reached the same result.
 
 See, e.g., In re Labatt Food Serv., L.P.,
 
 279 S.W.3d 640 (Tex.2009) (holding decedent’s survivors, who were not signatories to decedent’s arbitration agreement with employer, were bound to arbitrate wrongful death claim brought against employer);
 
 Trinity Mission Health & Rehab. of Clinton v. Estate of Scott ex rel. Johnson,
 
 19 So.3d 735 (Miss.Ct.App.2008) (holding that arbitration provision stating that “[t]he Resident and Responsible Party agree that any and all claims, disputes, and/or controversies between them and the Facility or its owners ... shall be resolved by binding arbitration,” encompassed wrongful death action brought by deceased resident’s daughter as claim arose out of the care which nursing facility agreed to provide in the contract);
 
 Briarcliff Nursing Home, Inc. v. Turcotte,
 
 894 So.2d 661 (Ala.2004);
 
 Ballard v. Southwest Detroit Hosp.,
 
 119 Mich.App. 814, 327 N.W.2d 370 (1982) (explaining that wrongful death action is derivative and representative stands in shoes of decedent so that arbitration agreement is binding on personal representative in subsequent wrongful death action);
 
 Herbert v. Superior Court,
 
 169 Cal.App.3d 718, 215 Cal.Rptr. 477 (1985).
 
 But see Woodall v. Avalon Care Ctr.-Fed. Way, LLC,
 
 155 Wash.App. 919, 231 P.3d 1252 (2010) (holding heirs of deceased nursing home patient not required to arbitrate wrongful death claims as they did not sign arbitration agreement between patient and facility operator);
 
 Lawrence v. Beverly Manor,
 
 273 S.W.3d 525 (Mo.2009) (same);
 
 Rhodes v. Calif. Hosp. Med. Ctr.,
 
 76 Cal.App.3d 606, 143 Cal.Rptr. 59 (1978) (same).
 

 The concern raised in this case will not finally be resolved until the Florida Supreme Court addresses the issue. As a result, we certify the following question to the Florida Supreme Court as one of great public importance:
 

 DOES THE EXECUTION OF A NURSING HOME ARBITRATION AGREEMENT BY A PARTY WITH THE CAPACITY TO CONTRACT, BIND THE PATIENT’S ESTATE AND STATUTORY HEIRS IN A SUBSEQUENT WRONGFUL DEATH ACTION ARISING FROM AN ALLEGED TORT WITHIN THE SCOPE OF AN OTHERWISE VALID ARBITRATION AGREEMENT.
 

 AFFIRMED; QUESTION CERTIFIED.
 

 GRIFFIN and TORPY, JJ., concur.
 

 [1]
 

 .Avante Group, Inc. provides management services to nursing homes. Avante Ancillary Services, Inc. provides rehabilitation services, including physical therapy, occupational therapy and speech therapy in nursing homes.
 

 [2]
 

 . According to the pleadings, Mr. Stewart was alert and oriented when he was admitted to Avante at Leesburg Outpatient Rehab., Inc.
 

 [3]
 

 . The trial court did not err in determining that the arbitration agreement was not procedurally and substantively unconscionable.
 

 [4]
 

 . The arbitration provision in
 
 Seifert
 
 stated:
 

 13. ARBITRATION. Any controversy or claim arising under or
 
 related to this Agreement
 
 or to the Property (with the exception of "consumer products" as defined by the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. Section 2301 et seq., and the regulations promulgated under the Act) or with respect to any claim arising by virtue of any representations alleged to have been made by the Seller or Seller's representative, shall be settled and finally determined by mediation or binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. Section 1-14) and similar state statutes and not by a court of law....
 

 750 So.2d at 635 (emphasis added).