LaROSE, Judge.
Emeritus Corporation appeals a nonfinal order denying its motion to compel arbitration in a nursing home negligence suit filed by the Estate of John J. Pasquariello. The trial court ruled that Mr. Pasquariel-lo’s durable power of attorney did not authorize his attorney-in-fact, Mrs. Pasquar-iello, to sign an arbitration agreement in the nursing home admission contract. We have jurisdiction. See Fla. R.App. P. 9.030(b)(1)(B), 9.130(a)(3)(C)(iv); Estate of Irons ex rel. Springer v. Arcadia Healthcare, L.C., 66 So.3d 396 (Fla. 2d DCA 2011). Mr. Pasquariello’s durable power of attorney specifically authorized Mrs. Pasquariello to consent to arbitration. Accordingly, we reverse.
Mr. Pasquariello was admitted to Emeritus at College Park, an assisted living facility, in September 2009. His wife, Mrs. Pasquariello, executed the admission documents, including an arbitration agreement, pursuant to a durable power of attorney. The power of attorney was effective upon Mr. Pasquariello’s disability, incompetence, incapacity, or partial incapacity.[1] The arbitration agreement provided as follows:
[A]ny action, dispute, claim or controversy of any kind, whether in contract or in tort, statutory or common law, personal injury, property damage, legal or equitable or otherwise, arising out of the provision of assisted living services, healthcare services, or any other goods or services provided under the terms of any agreement between the Parties, including disputes involving the scope of this Arbitration Agreement, or any other dispute involving acts or omissions that cause damage or injury to either Party, except for matters involving evictions, shall be resolved exclusively by binding arbitration and not by lawsuit or resort to the judicial process, except to the extent that applicable law provides for judicial review of arbitration proceedings.
Mr. Pasquariello left Emeritus in February 2010 and died a month later. The *1011 Estate, through Mrs. Pasquariello as personal representative, sued Emeritus, alleging that Emeritus abused and neglected her husband while he was in its care. Emeritus moved to compel arbitration. At the motion hearing, the trial judge expressed concern that the durable power of attorney did not confer broad enough authority to allow Mrs. Pasquariello to consent to arbitration. He directed the parties to submit memoranda addressing the scope of the power of attorney. The trial court subsequently denied the motion.
We review the trial court’s determination of the scope and interpretation of a power of attorney de novo. Candansk, LLC v. Estate of Hicks ex rel. Brownridge, 25 So.3d 580, 582 (Fla. 2d DCA 2009). Mr. Pasquariello’s power of attorney stated its purposes as follows:
ARTICLE Y

Purposes

My Agent shall have all powers as are necessary or desirable to provide for my support, maintenance, health, emergencies, and urgent necessities.
The power of attorney described the attorney-in-fact’s powers, in pertinent part, as follows:
ARTICLE IV

Powers

My Agent shall have all powers of an absolute owner over my assets and liabilities, whether located within or without the State of Florida, including, without limitation, the following power and authority:
[[Image here]]
I.Power relating to claims and litigation. I empower my attorney-in-fact to:
1. assert and prosecute before a court or administrative agency a claim, counterclaim, or offset, and defend against an individual, a legal entity, or government, including suits to recover property or other thing of value, to recover damages sustained by the principal, to eliminate or modify tax liability, or to seek an injunction, specific performance, or other relief;
2. bring an action to determine adverse claims, intervene in litigation, and act as amicus curiae;
3. in connection with litigation, procure an attachment, garnishment, libel, order of arrest, or other preliminary, provisional, or intermediate relief and use an available procedure to effect or satisfy a judgment, order, or decree;
4. in connection with litigation, perform any lawful act, including acceptance of tender, offer of judgment, admission of facts, submission of a controversy on an agreed statement of facts, consent to examination before trial, and binding the principal in litigation;
5. submit to arbitration, settle, and propose or accept a compromise with respect to a claim or litigation;
6. waive the issuance and service of process upon the principal; accept service of process; appear for the principal; designate persons upon whom process directed to the principal may be served; execute and file or deliver stipulations on the principal’s behalf; verify pleadings; seek appellate review; procure and give surety and indemnity bonds; contract and pay for the preparation and printing of records and briefs; and receive, execute, and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument in connection with the prosecution, settlement, or defense of a claim or litigation.
*1012 (Emphasis added.) The other subsections of article IV, A-H and J-O, listed powers relating to (A) real property transactions, (B) tangible personal property transactions, (C) stock and bond transactions, (D) commodity and option transactions, (E) banking and other financial institution transactions, (F) business operating transactions, (G) insurance transactions, (H) estate, trust, and other beneficiary transactions, (J) personal and family maintenance, (K) benefits from Social Security, Medicare, Medicaid, other governmental programs, or military service, (L) retirement plan transactions, (M) tax matters, (N) medical care assistance transfers, and (0) gift transfers.
To determine the scope of the power of attorney, we must examine the language of any catch-all provisions and the relationship of that language to the types of interests over which the power of attorney specifically grants authority. Sovereign Healthcare of Tampa, LLC v. Estate of Huerta ex rel. Huerta, 14 So.3d 1033, 1034 (Fla. 2d DCA 2009). Mr. Pas-quariello’s power of attorney includes two catch-all provisions. Article V gives the attorney-in-fact “all powers as are necessary or desirable to provide for my support, maintenance, health, emergencies, and urgent necessities.” Article IV gives the attorney-in-fact “all powers of an absolute owner over my assets and liabilities, ... including, without limitation,” the listed powers and authorities. One of the listed powers and authorities is “[pjower relating to claims and litigation,” including power to assert a claim to recover property or other things of value or to recover damages sustained by the principal, and power to “submit to arbitration, settle, and propose or accept a compromise.... ”
The Estate contends that the authority to submit to arbitration applies only with respect to “finance” because the document’s title is “Durable Power of Attorney for Finance” and the types of interests over which the power of attorney specifically grants authority relate to financial transactions. The Estate argues that arbitration is not finance. We disagree because the Estate’s claim against the nursing home seeks financial compensation. Cf. Candansk, 25 So.3d at 583 (holding power of attorney to act regarding property authorized attorney-in-fact to agree to arbitrate because estate’s claim against nursing home was property).
Accordingly, we reverse the trial court’s decision that the scope of the power of attorney did not include consent to arbitration. We remand for the trial court to determine whether Mr. Pasquariello met the disability condition necessary for the power of attorney to become effective and the ramifications if he did not.
Reversed and remanded.
VILLANTI and CRENSHAW, JJ., Concur.

. Article II of Mr. Pasquariello’s power of attorney defines this requirement as follows:
Disability, incompetence, incapacity or partial incapacity shall include, without limitation, my inability to manage my property and affairs or caring for myself effectively, for reasons such as mental illness, mental deficiency or other mental incapacity, physical illness or disability, advanced age, senility, chronic use of drugs, chronic intoxication, which may be evidenced by a written statement of my regularly attending physician or two other qualified physicians or by court order.