ORFINGER, J.
Sylvia Hancock, the personal representative of the Estate of Frank D. Hancock, appeals the trial court’s non-final order compelling arbitration of the Estate’s dispute with Northport Health Services of Florida, LLC, operator of the Ocala Health and Rehabilitation Center (the “Center”). We affirm in part and reverse in part.
The Estate filed suit against Northport regarding Mr. Hancock’s care, asserting claims of negligence and violations of Chapter 400, Florida Statutes, commonly known as the Nursing Home Residents’ Rights Act. In response, Northport moved to compel arbitration pursuant to the arbitration provision contained in the admission agreement (the “Agreement”).[1] Following a hearing, the trial court found that an arbitrable issue existed and that the arbitration provision was not unconscionable. The trial court granted North-port’s motion to compel arbitration, but *1263 required the parties to utilize the substantive law of Alabama and the Florida Rules of Civil Procedure in the arbitration proceedings.
We review the trial court’s order compelling arbitration de novo. See Laizure v. Avante at Leesburg, Inc., 44 So.3d 1254, 1256 (Fla. 5th DCA 2010). “A trial court’s decision regarding whether an arbitration agreement or provision is void as against public policy presents ‘a pure question of law, subject to de novo review.’ ” Fi-Evergreen Woods, LLC v. Estate of Vrastil, 118 So.3d 859, 862 (Fla. 5th DCA 2013) (quoting Shotts v. OP Winter Haven, Inc., 86 So.3d 456, 471 (Fla.2011)).
Relying on Shotts, the Estate argues that the arbitration provision violates Florida public policy and is unenforceable. We rejected that argument concerning a substantially similar arbitration provision in Fi-Evergreen. 118 So.3d at 863. We did so because, unlike the agreement in Shotts, the arbitration provision in Fi-Evergreen, which is similar to the arbitration provision here, did not limit the plaintiffs available remedies.
We do agree, however, that the trial court erred when it ordered the parties to apply Alabama substantive law and Florida procedural rules. Paragraph I of the Agreement provides that it “shall be interpreted, construed and enforced pursuant to and in accordance with the laws of the State of Florida.” Further, the Arbitration Procedure provisions of the Agreement requires the arbitrator to “apply the substantive law (and the law of remedies, if applicable) of the state in which the Facility is located, or federal law, or both, as may be applicable to the Dispute,” and that “[e]ach party shall have the right to engage in discovery consistent with the Alabama Rules of Civil Procedure....” Northport concedes that Florida substantive law applies. The Estate makes no convincing argument as to why the application of Alabama procedural rules is problematic.
For these reasons, we affirm the trial court’s order insofar as it ordered the parties to arbitrate their dispute. We reverse that part of the order requiring the application of Alabama substantive law and Florida procedural rules. On remand, the trial court shall direct the parties to arbitrate their dispute, applying Florida substantive law and the Alabama Rules of Civil Procedure to the extent authorized by paragraph 8.C. of the Agreement.
AFFIRMED in part; REVERSED in part; REMANDED.
LAWSON and WALLIS, JJ., concur.

APPENDIX

8. Dispute Resolution Program, Arbitration Agreement, and WAIVER OF JURY TRIAL.

(Read Carefully)
A. The Program.
This Agreement creates a dispute resolution program (the “Program”) which shall govern the resolution of any and all claims or disputes that would constitute a cause of action in a court of law that Facility may have now or in the future against you or any of your representatives, or that you or any of your representatives may have now or in the future against Facility ... (hereinafter referred to as “Disputes”).... The Disputes whose resolution is governed by the Program shall include, but not be limited to, claims for breach of contract or promise (express or implied); tort claims; and claims for violation of any federal, state, local, or other governmental law, statute, regulation, common law, or ordinance. Notwithstanding the foregoing, the Program shall not govern (i) any grievance brought either formally or informally under the Facility’s grievance *1264 policy or with an appropriate state or federal 'agency (ii) an appeal to the appropriate state or federal entity regarding an involuntary transfer or discharge (iii) any complaint with an appropriate state or federal agency concerning the Facility’s compliance with applicable regulations governing care, facility services, or residents’ rights (iv) any complaint with an appropriate state or federal agency concerning resident abuse, neglect, misappropriation of resident property or non-compliance with advance directive requirements or (v) any claim or dispute involving solely a monetary claim in an amount less than $25,000, and any such claim or dispute shall not be deemed a Dispute hereunder.
B. Arbitration.
All Disputes covered under the Program between you and the Facility shall be resolved by binding arbitration. Arbitration is a procedure in which the parties submit a Dispute to one or more mutually selected, impartial persons for a final and binding decision. The parties expressly agree to settle all Disputes by binding arbitration rather than by a judge, jury, or administrative agency-
Arbitration is a complete substitute for a trial by a judge or a jury. The parties specifically waive their rights to a jury trial. Only Disputes that would constitute a legally cognizable cause of action in a court of law may be arbitrated.

THE PARTIES ACKNOWLEDGE THAT BY ENTERING INTO THIS ARBITRATION AGREEMENT, THEY ARE GIVING UP THEIR RIGHT TO HAVE ANY SUCH DISPUTE DECIDED IN A COURT OF LAW BEFORE A JUDGE OR JURY, AND INSTEAD ARE ACCEPTING THE USE OF ARBITRATION.

Subject to the terms and provisions of this Agreement, any arbitration conducted pursuant to this Agreement shall be conducted by JAMS, an independent and impartial entity regularly engaged in providing arbitration services selected by the company, in accordance with the JAMS Comprehensive Arbitration Rules and Procedures (the “Rules”). In the event of any material, adverse inconsistency between the terms of this Agreement and the Rules, the arbitrator shall apply the terms of this Agreement. The parties acknowledge that this provision alters the Rules. A copy of the Rules can be obtained from the Facility or from JAMS’ website, http://www. jamsadr.com. The Rules are hereby incorporated by reference into this Agreement verbatim, except to the extent they are modified by this Agreement.
C. Arbitration Procedure
The arbitrator(s) shall be impartial and independent and shall apply the substantive law (and the law of remedies, if applicable) of the state in which the Facility is located, or federal law, or both, as may be applicable to the Dispute ....
Each party shall have the right to engage in discovery consistent with the Alabama Rules of Civil Procedure, subject to any restrictions contained in applicable statutes, rules,, and regulations, including, but not limited to, the Alabama Medical Liability Act, Alabama Code § 6-5-540 et seq. and Alabama Code § 22-21-8 et seq. The admissibility of evidence at the arbitration hearing shall be determined in accordance -with the Alabama Rules of Evidence, subject to any restrictions contained in applicable statutes, rules, and regulations, in- *1265 eluding, but not limited to, the Alabama Medical Liability Act, Alabama Code § 6-5-540 et seq. and Alabama Code § 22-21-8 et seq.
G. General
The invalidity of a portion of this Program shall not affect the validity of any other portion or provision. If any portion or provision of this Program is found to be invalid or unenforceable in any respect, the remainder of the Program will remain in full force and effect.
15. Miscellaneous
H. Severability
In the event any provision of this Agreement is held to be unenforceable for any reason, such unenforceability shall not affect the remainder of this Agreement, which shall remain in full force and effect and be enforceable in accordance with its terms.
I. Governing Law
This Agreement shall be interpreted, construed and enforced pursuant to and in accordance with the laws of the State of Florida. Marion County, Florida shall be the sole and exclusive venue for any Dispute, special proceeding, or any other proceeding between the parties that may arise out of, in connection with, or by reason of this Agreement.

. The arbitration and selection of law provisions of the Agreement can be found in the Appendix to this opinion.