IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AMERICAN EAGLE VETERAN
CONTRACTING, LLC,

      Appellant,

 v.                           Case No.  5D15-4483

MARK D. EILAND AND ARCHITECTURAL
DRYWALL SYSTEMS, INC.,

      Appellees.

_____/

Opinion filed October 14, 2016

Appeal from the Circuit Court
for Volusia County,
Sandra C. Upchurch, Judge.

Craig A. Brand, of The Brand
Law Firm, P.A., Orlando, for Appellant.

No Appearance for Appellees.

PER CURIAM.

     American Eagle Veteran Contracting, LLC ("American Eagle"), appeals the trial

court's final order of summary judgment entered in favor of Mark D. Eiland and

Architectural Drywall Systems, Inc. ("Architectural Drywall").[1] American Eagle argues the

trial court erred in entering summary judgment against it without ruling on its motion to

compel arbitration. We agree.

---

[1] Neither Eiland nor Architectural Drywall filed a brief in this appeal.

According to the complaint, American Eagle is a contractor on a larger project owned by Kellogg, Brown, and Root. American Eagle subcontracted with Architectural Drywall. Architectural Drywall claimed that American Eagle failed to make payments under the contract and brought suit for breach of contract.[2] In response, American Eagle filed a motion to stay the proceedings pending arbitration, pursuant to Article 10 of the contract.[3] American Eagle did not file an answer or any other pleading in response to the complaint. Subsequently, American Eagle moved for a protective order preventing Architectural Drywall from serving discovery until the trial court ruled on the motion to stay pending arbitration.

Without further discovery or pleadings from American Eagle, Architectural Drywall moved for summary judgment based on the affidavit of Mark Eiland, the company's managing member. American Eagle responded by again filing a motion to stay the proceedings, compel arbitration, and strike Architectural Drywall's motion for summary judgment. In response to an order to compel a joint status report, American Eagle reiterated that its motion to compel arbitration remained outstanding and explained that it would not file additional responses in order to avoid waiving its right to arbitrate. Without

---

[2] Architectural Drywall further alleged that the parties had an oral agreement to extend the rental of several pieces of equipment, at American Eagle's expense, but that American Eagle did not pay for the rental equipment.

[3] Article 10 provides, in relevant part:

> DISPUTES AND ARBITRATION: Any controversy arising out of this Agreement or a breach of it may be settled by arbitration under the rules of the American Arbitration Association applicable to the construction industry at CONTRACTOR'S option.

2

ruling on the motion to compel arbitration, the trial court entered final summary judgment in favor of Architectural Drywall.

American Eagle argues summary judgment was inappropriate because a genuine issue remained as to whether arbitration was required, and the court had not ruled on its outstanding motion to compel arbitration. See Fla. R. Civ. P. 1.510(c). In general, Florida public policy favors arbitration, Laizure v. Avante at Leesburg, Inc., 44 So. 3d 1254, 1257 (Fla. 5th DCA 2010), approved by 109 So. 3d 752 (Fla. 2013), and parties with an agreement have the right to move to compel arbitration. § 682.03, Fla. Stat. (2014). Deciding whether a dispute is subject to arbitration raises three issues: (1) whether there is a valid agreement between the parties to arbitrate; (2) whether the specific issue is subject to arbitration; and (3) "whether the right to arbitration was waived." Laizure, 44 So. 3d at 1257. A party may waive its right to arbitration by actively participating in the lawsuit or by acting in a way that is inconsistent with the right to arbitrate. Morrell v. Wayne Frier Manufactured Home Ctr., 834 So. 2d 395, 397 (Fla. 5th DCA 2003).

We find that the trial court erred in failing to rule on the motion to compel arbitration prior to entry of summary judgment. See Grillo v. Raymond James & Assocs., Inc., 524 So. 2d 1121, 1122 (Fla. 2d DCA 1988) (holding that summary judgment was inappropriate without first considering outstanding motion to compel arbitration). American Eagle has consistently insisted on its right to compel arbitration, and nothing in the record establishes a waiver of that right. Failing to rule on the motion to compel arbitration presented American Eagle with a Hobson's choice—either defend against summary judgment and waive the right to arbitrate or accept final summary judgment against it. We

reverse the entry of summary judgment and remand for the trial court to rule on American Eagle's motion to compel arbitration.

REVERSED and REMANDED.

TORPY, COHEN and WALLIS, JJ., concur.