IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NORTHPORT HEALTH SERVICES OF
FLORIDA, LLC D/B/A WEST MELBOURNE
HEALTH AND REHABILITATION CENTER,

      Appellant,

 v.                                     Case No.  5D17-335

ROSIETTE LOUIS, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF ELIENNE PHILISTIN,

      Appellee.

_____/

Opinion filed March 2, 2018

Non-Final Appeal from the Circuit Court
for Brevard County,
Charles J. Roberts, Judge.

Lissette M. Gonzalez and Scott A. Cole, of
Cole, Scott & Kissane, P.A., Miami, for
Appellant.

Douglas F. Eaton, of Eaton & Wolk, PL,
Miami, for Appellee.

LAMBERT, J.

      Northport Health Services of Florida, LLC d/b/a West Melbourne Health and

Rehabilitation Center ("Northport") appeals a non-final order denying its motion to compel

arbitration.[1] The trial court found the parties' arbitration agreement to be "vague, confusing and conflicting" and that it was unenforceable for being void as against public policy because it limited the ability of the Appellee, Rosiette Louis, as personal representative of the Estate of Elienne Philistin ("Estate") to recover damages and increased her evidentiary burden of proof. We reverse and remand to the trial court to sever the provision in the arbitration agreement that requires the application of Alabama law to the admissibility of evidence at the arbitration hearing.

Elienne Philistin was admitted to the West Melbourne Health and Rehabilitation Center on August 7, 2015, and resided there until she died on September 25, 2015. On the date of her admission, Philistin's daughter, Rosiette Louis, with power of attorney on behalf of her mother, executed an admission agreement[2] that contained the arbitration agreement before the court in which the parties agreed to resolve any disputes between them by binding arbitration and specifically waived the right to have any dispute resolved in a court of law before a judge or jury.

Estate filed suit against Northport alleging that Northport's failure to comply with its statutory duties under the Florida Nursing Home Resident's Rights Act[3] ("Act") was the proximate cause of Philistin's wrongful death. Northport moved to compel arbitration. Estate responded by asserting that the agreement to arbitrate was void and unenforceable for two reasons. First, while acknowledging that the agreement expressly

---

[1] We have jurisdiction. *See* Fla. R. App. P. 9.130(a)(3)(C)(iv).

[2] Neither party disputes the validity of the power of attorney or that Louis properly exercised her authority on behalf of her mother.

[3] The Act is codified at sections 400.022–.0238, Florida Statutes.

required the arbitrator to apply Florida's substantive law, its law of remedies,[4] and the evidentiary burden of proof applicable in Florida in these types of cases, Estate nevertheless contended that a separate provision contained in paragraph 8 of the arbitration agreement, stating  that the admissibility of evidence at the arbitration hearing shall be determined in accordance with the Alabama Rules of Evidence, improperly limited its ability to recover compensatory damages because only punitive damages are recoverable in wrongful death claims in Alabama.  *See Ala. Power Co. v. Turner*, 575 So. 2d 551 (Ala. 1991).  Second, Estate argued that another provision within the same paragraph required the application of the Alabama Rules of Civil Procedure to all pre-hearing discovery, which Estate asserted improperly limited it to discovery of only those negligent acts or omissions that it was able to identify at the outset of the lawsuit.  The trial court granted Estate's motion, finding that the arbitration agreement violated public policy and was void because it limits Estate's ability to recover all available damages and also increased its evidentiary burden of proof.  The court also ruled that these two provisions in paragraph 8 of the arbitration agreement were not severable from the rest of the agreement "because it will create more confusion among arbitrators regarding applicable procedures and evidence rules."

The standard of review of a trial court's order on a motion to compel arbitration is de novo*.  See Laizure v. Avante at Leesburg, Inc.*, 44 So. 3d 1254, 1256 (Fla. 5th DCA 2010). Additionally, "a] trial court's decision regarding whether an arbitration agreement or provision is void as against public policy presents 'a pure question of law, subject

___

[4] The agreement requires the arbitrator to "apply the substantive law (and the law of remedies, if applicable) of the State in which the facility is located."  The facility is located in Florida.

to de novo review.'" *Fi-Evergreen Woods, LLC v. Estate of Vrastil*, 118 So. 3d 859, 862 (Fla. 5th DCA 2013) (quoting *Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 471 (Fla. 2011)).

The public policy of the Florida Nursing Home Resident's Rights Act is to provide rights for, and to protect, nursing home residents. *Shotts*, 86 So. 3d at 474. Under the Act, a resident may recover actual and punitive damages for the violation of these rights or for negligence, § 400.023(1)(c), Fla. Stat. (2016), and there are no caps for pain and suffering damages. Here, while the arbitration agreement specifically provides that the arbitrator apply Florida substantive law, including its law of remedies, which allow for an award of both compensatory and punitive damages, the application of the Alabama Rules of Evidence under the arbitration agreement may preclude Estate from presenting evidence at the arbitration hearing as to its compensatory damages, contrary to the remedial purpose of the Act.

Northport reminds the court that in *Hancock v. Northport Health Services of Florida, LLC*, 150 So. 3d 1262 (Fla. 5th DCA 2014), we affirmed an order compelling arbitration, determining that these identical arbitration provisions in the arbitration agreement did not limit a resident's available remedies under the Act and that no convincing argument was made as to why the application of Alabama's procedural rules would be problematic. 150 So. 3d at 1263. Estate responds that *Hancock* is not dispositive because the appellant there did not raise the specific argument being raised here as to the unenforceability of the agreement. Northport alternatively asserts that the arbitration agreement contains a severability clause providing that in the event any provision of the agreement is held to be unenforceable for any reason, the remainder of

4

the agreement "shall remain in full force and effect and shall be enforceable in accordance with its terms."

A "contract is severable where . . . with the illegal portion eliminated, there still remains of the contract valid legal promises on one side which are wholly supported by valid legal promises on the other." *Shotts*, 86 So. 3d at 475 (quoting *Local No. 234 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Can. v. Henley & Beckwith, Inc.*, 66 So. 2d 818, 821-22 (Fla. 1953)). The dispositive issue of whether a void clause or clauses invalidate the entire arbitration agreement is whether the offending clause goes to "the very essence of the agreement." *Rockledge NH, LLC v. Miley By & Through Miley,* 219 So. 3d 246, 248 (Fla. 5th DCA 2017) (quoting *Shotts*, 86 So. 3d at 478).

Estate is correct that the appellant in *Hancock* did not raise the specific argument being made here. Nevertheless, we conclude that the provision of the arbitration agreement requiring application of the Alabama Rules of Evidence at the arbitration hearing is severable because it concerns procedure and not the substantive law or remedies under Florida law to which the parties specifically agreed. Thus, this provision does not go to the "very essence" of the arbitration agreement. Lastly, we again hold, as we did in *Hancock*, that no convincing argument has been raised as to why the application of the Alabama Rules of Civil Procedure to the parties' conduct of pre-hearing discovery is problematic. Accordingly, we hold that the trial court erred in denying the motion to compel arbitration.

5

REVERSED and REMANDED with directions that the trial court grant Northport's motion to compel and sever from the arbitration agreement the provision applying the Alabama Rules of Evidence to the admissibility of evidence at the arbitration hearing.

COHEN, C.J. and EISNAUGLE, J., concur.