IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NORTHPORT HEALTH SERVICES
OF FLORIDA, LLC and NHS
MANAGEMENT, LLC,

    Appellants,

 v.                Case No. 5D17-2693

ESTATE OF GERTRUDE R. CHAMPAGNE
BY AND THROUGH GLORIA OLSEN,
PERSONAL REPRESENTATIVE,

    Appellee.
_____/

Opinion filed April 13, 2018

Non-Final Appeal from the Circuit Court
for Brevard County,
Charles J. Roberts, Judge.

Dale R. Sisco and Kristi Neher Davisson, of
Sisco-Law, Tampa, for Appellants.

Megan L Gisclar and Joanna Greber
Dettloff, of Wilkes & McHugh, P.A.,
Tampa, for Appellee.


WALLIS, J.

   Northport Health Services of Florida, LLC d/b/a West Melbourne Health and

Rehabilitation Center, appeals the trial court's order denying Northport's motion to compel

arbitration with Gloria Olsen, as personal representative of the Estate of Gertrude R.

Champagne.

We have recently addressed the enforceability of an identical arbitration agreement in <u>Northport Health Services of Florida, LLC v. Louis</u>, 43 Fla. L. Weekly D505 (Fla. 5th DCA Mar. 2, 2018). We held in <u>Louis</u> that the provision requiring Alabama's Rules of Evidence to control the admissibility of evidence at arbitration was against public policy, and that the provision was severable because it concerns procedure. <u>Id.</u> at D506. However, we also held that the provision requiring the application of Alabama Rules of Civil Procedure to the parties' conduct of pre-hearing discovery does not violate public policy because no convincing argument was raised as to why the application is problematic. <u>Id.</u>

Here, the parties raise essentially the same arguments. Accordingly, we reverse and remand with instructions to the trial court to grant Northport's motion to compel and to sever from the arbitration agreement the provision applying the Alabama Rules of Evidence to the admissibility of evidence at the arbitration hearing. <u>Id.</u>; <u>see also</u> <u>Hancock v. Northport Health Servs. of Fla., LLC</u>, 150 So. 3d 1262, 1263 (Fla. 5th DCA 2014) (affirming an order compelling arbitration of an identical arbitration agreement).

REVERSED and REMANDED, with Instructions.

SAWAYA and EDWARDS, JJ., concur.