PER CURIAM.
The Estate of Phyllis A. Ramsey ("the Estate") brought a nursing home abuse and neglect action against the Appellees. The Estate challenges a non-final order granting Appellees' motion to compel arbitration. We affirm the trial court's order compelling arbitration, but remand with instructions to sever from the arbitration agreement the provision applying the Alabama Rules of Evidence to the admissibility of evidence at the arbitration hearing. See Northport Health Servs. of Fla., LLC v. Louis , 240 So.3d 120, 123 (Fla. 5th DCA 2018) (holding that provision of rehabilitation center's admission agreement that Alabama Rules of Evidence apply to arbitration hearing was unenforceable, but provision was severable from remainder of agreement).
We decline to address the other argument raised on appeal by the Estate. See, e.g. , Aills v. Boemi , 29 So.3d 1105, 1109 (Fla. 2010) (stating that specific legal ground upon which claim is based must be raised at trial and, except in cases of fundamental error, claim different than that will not be heard on appeal).
AFFIRMED, in part; REVERSED, in part; and REMANDED.
EVANDER, WALLIS and HARRIS, JJ., concur.