| WILLIAMS, Judge.
The plaintiff, Michael Gilbert, appeals a judgment in favor of defendant, Donnie Waller, denying Gilbert’s request for an injunction to prevent Waller from taking possession of property which he purchased at a tax sale. In addition, the district court added the cleanup expenses and costs of the eviction proceeding to the amount required for redemption of the property. For the following reasons, we amend and affirm as amended.
*177 FACTS
In June 2008, Waller purchased the immovable property at 121 Rebel Drive in West Monroe, Ouachita Parish, by paying the delinquent taxes for the year 2002 at a sheriff’s tax sale. In May 2004, the Oua-chita Parish Police Jury, responding to neighbors’ complaints, inspected the property and found violations of parish ordinances, including an abandoned vehicle, debris, miscellaneous junk and an unsafe structure on the premises. The police jury sent a certified letter to Waller as the tax title holder, directing him to take corrective action within 20 days and warning that failure to correct the violations could subject the property owner to assessment of the parish’s cleanup costs and civil fines or criminal charges.
On June 3, 2004, Waller visited the property and saw that Gilbert was residing in a tent on the premises. Waller informed Gilbert about the tax sale and the police jury’s cleanup order. Gilbert stated his intention to redeem the property and pay the cleanup costs. Later that day, Gilbert went to the tax assessor’s office and was told that the cost to redeem the property was $422.12 if he paid on the same day. Gilbert left and did not return that day. On June 4, 2004, Waller hired AAA Home Improvement to clean the 1 ^property for a total cost of $4,700 and paid a deposit of $2,500 by cashier’s check. Waller submitted to the tax assessor’s office photocopies of the parish correction order, the cleanup contract and his deposit check. A short time later, Gilbert arrived at the tax assessor’s office and tendered a payment of $423 to redeem the property. However, the clerk would not accept that amount stating that Waller had submitted proof of payment to correct the condition of the premises, thereby increasing the cost of redemption.
The police jury code enforcement officer, Wayne Heckford, spoke with both Waller and Gilbert about the situation. After these conversations, Heckford mailed a letter dated June 8, 2004, to Waller stating that in light of Gilbert’s occupancy of the premises, the police jury would delay the 20-day compliance period until Waller had completed eviction proceedings against Gilbert. On June 14, 2004, Waller filed a petition of eviction against Gilbert in a parish justice of the peace court and a June 23rd hearing was scheduled. After the hearing, the justice of the peace rendered a judgment in favor of Waller ordering Gilbert to vacate the premises within 24 hours.
On June 21, 2004, the plaintiff, Michael Gilbert, filed a petition in district court against the defendants, Donnie Waller, Leisa and Curtis Southern d/b/a AAA Home Improvement and Richard Fewell in his capacity as Ouachita Parish Sheriff and tax collector. Gilbert asserted his right of redemption and sought a temporary restraining order and injunction prohibiting Waller from evicting him from the premises. The district court denied the restraining order and scheduled a hearing for the day following | sthe eviction proceeding.
After hearing evidence, the trial court issued reasons for judgment, finding that Waller, as the tax title owner, was compelled to contract with a third party to clean the premises in response to a parish order. The court found that Waller’s contract and payment of $2,500 was for the valid purpose of correcting the ordinance violations created by the deplorable conditions resulting from Gilbert’s failure to maintain the property. Thus, the court concluded that under LSA-R.S. 47:2222.1, to redeem the property Gilbert was required to reimburse Waller for the cleanup costs and the eviction proceeding fees, in addition to payment of the delinquent tax *178 amount. The court rendered judgment denying Gilbert’s petition for injunctive relief and ordering that Waller’s expenditures of $2,500 for cleanup and $80 for the eviction proceeding be added to the amount of taxes owed for redemption of the property. Gilbert appeals the judgment.
DISCUSSION
Initially, we note that Gilbert, who appeals in proper person, did not specify any assignments of error in his brief. However, Gilbert seems to argue that the justice of the peace court did not have jurisdiction over the eviction proceeding because he is the owner of the property with a right of redemption and entitled to possession of the property.
Eviction is a proper remedy for use by a lessor who wishes to obtain possession of the premises when the lessee’s right of occupancy has ceased. LSA-C.C.P. art. 4701. Eviction is also a remedy available to an owner of immovable property who wishes to evict the occupant therefrom, after the ^purpose of the occupancy has ceased. LSA-C.C.P. art. 4702. These eviction articles were designed to give owners of immovable property summary means to evict a tenant or occupant without the burden or delay required in a petitory action. Northeast Realty v. Jackson, 36,276 (La.App. 2d Cir.8/14/02), 824 So.2d 1264; Skannal v. Jones, 384 So.2d 494 (La.App. 2d Cir.1980). The term “occupant” includes a day laborer, former owner, and any person occupying immovable property by permission or accommodation of the owner or former owner. LSA-C.C.P. art. 4704. A justice of the peace court shall have jurisdiction concurrent with the district court over suits by landowners or lessors for the eviction of occupants or tenants of leased residential premises, regardless of the amount of monthly or yearly rent. LSA-C.C.P. art. 4912.
In the present ease, Gilbert is not a tenant and does not appear to meet the definition of occupant. Accepting for this argument that the justice of the peace did not have subject matter jurisdiction to order Gilbert’s eviction, we note that under LSA-R.S. 47:2183, the purchaser of real estate sold for taxes has the right to be placed in actual possession of the property by order of a court of competent jurisdiction. LSA-R.S. 47:2185 provides that upon presentation of a certified copy of a tax deed for an immovable to a judge of competent jurisdiction, the court shall grant an order of seizure and possession, ordering the sheriff to seize such property and place the purchaser in actual possession thereof. Here, Waller presented evidence of the tax deed conveying title of the property to him for the payment of taxes. Thus, Waller was entitled to take possession of the property and in effect, |sthe trial court’s judgment denying Gilbert’s request for injunctive relief constituted an order of possession requiring that Waller be placed in actual possession of the property pursuant to Sections 2183 and 2185.
In his brief, Gilbert also contends the trial court erred in requiring him to pay a sum in addition to the amount of outstanding taxes to redeem the property. Gilbert argues that Waller is not entitled to reimbursement for the $2,500 deposit he paid for cleanup because the work had not been done and the contract was an act of fraud to prevent him from redeeming the property.
The person redeeming property shall pay all taxes assessed upon the property redeemed subsequent to the tax sale with interest at the rate of one percent per month until redeemed. LSA-R.S. 47:2222. In addition to these payments, the pur *179 chaser of any real estate sold to pay taxes shall be entitled to receive from the owner of the property the cost of any repairs, rehabilitation, maintenance, removal or demolition made or done thereon by the purchaser when required by an order of a political subdivision for the purpose of enforcing a property standards ordinance. The reimbursement costs shall be limited to the minimum amount reasonably necessary to comply with the order. LSA-R.S. 47:2222.1.
In the present case, the evidence presented demonstrates that in June 2003, Waller purchased the property at a tax sale and that in May 2004, the Ouachita Parish Police Jury issued an order to Waller to correct certain conditions existing on the property in violation of parish ordinances. Waller testified that in order to comply with the parish cleanup order, he hired AAA Home Improvement to clean the property and paid a $2,500 deposit.
| fiWayne Heckford testified that he did not know Gilbert was residing on the premises until after the May 2004 certified letter had been mailed to Waller. Heck-ford stated that he mailed the cleanup notice to Waller because he was the property owner named in the tax records and that he did not send notice of the violations to Gilbert.
Sharon Bonner, a captain in the Ouachi-ta Parish Sheriffs Office tax division, testified that in November 2002, she mailed notice that taxes were due by December 31, 2002, to the property owner listed in the tax records, the estate of Wayne Gilbert. Bonner stated that in March 2003, she sent a certified letter to the estate of Gilbert warning that taxes were past due and that the property would be sold. Bonner explained that she sent the same letter to Michael Gilbert at 2040 Old Natchitoch-es Road, West Monroe, an address listed in a prior deed. Bonner testified that on June 3, 2004, when she heard Gilbert asking about redemption at the tax assessor’s office, she realized he was referring to the same property which Waller had mentioned earlier with regard to a cleanup order he had received. Bonner stated that she told Gilbert he needed to pay the $422.12 redemption amount that day, but did not tell him that Waller was expected to submit a cleanup order and proof of his compliance expenses, which would then become part of the redemption costs. Bonner testified that on June 4, 2004, Waller presented copies of the cleanup order and his check, so that when Gilbert later returned to the tax assessor’s office, she could not accept the $423 he tendered because the $2,500 cleanup payment had been added to the redemption cost.
17Michael Gilbert testified that he became the record title holder of the property in January 2003, when the quitclaim deed from his father’s estate was recorded. Gilbert stated that he began residing on the property in January 2004, that he was unable to connect the electricity until March 2004, and that the premises did not have any running water. Gilbert testified that he had not received any notice from Heckford regarding the conditions of the property and that he had not learned of the parish cleanup order until June 3, 2004, when Waller came to the property. Gilbert stated that he was told by tax assessor’s office personnel that $423 was the amount needed to redeem the property. Gilbert testified that when he returned to the tax assessor’s office the next day with $423, the clerk said she could not accept the money because Waller’s contract to clean the property had increased the redemption cost by the amount of $2,500.
The trial court heard the testimony and weighed the credibility of the witnesses. The evidence presented shows that Waller *180 was the tax purchaser who incurred costs to clean the property as required by an order of a political subdivision, the parish police jury, for the purpose of enforcing a property standards ordinance. There was no showing that Waller’s cleanup contract was an act of fraud to prevent Gilbert from redeeming the property.
Based upon this record, we cannot say the trial court was clearly wrong in finding that Waller’s $2,500 payment was a reasonably necessary expense to comply with a parish ordinance. Consequently, the court correctly determined that Waller was entitled to reimbursement of that amount as a cost of redemption pursuant to LSA-R.S. 47:2222.1. However, |Rin light of the remedy available to Waller under the provisions of LSA-R.S. 47:2183 and 47:2185 discussed above, we conclude that the eviction filing fee of $80 exceeded the minimum amount reasonably necessary to comply with the parish’s cleanup order. Thus, we shall amend the judgment to delete that assessment.
CONCLUSION
For the foregoing reasons, the district court’s judgment is hereby amended to delete the eviction proceeding fee of $80 as a redemption cost, and the judgment is otherwise affirmed. Costs of this appeal are assessed one-half to the appellant, Michael Gilbert, and one-half to the appellee, Donnie Waller.
AMENDED AND AFFIRMED AS AMENDED.