*900
ON MOTION TO CORRECT SCRIVENER’S ERROR

HAZOURI, J.
We grant appellee’s motion to correct scrivener’s error, withdraw the opinion issued on June 13, 2012, and reissue the opinion as follows:
CFC of Delaware LLC (“CFC”) appeals an order denying its motion to compel Teresa Santalucia (“Santalucia”) and her daughter to submit their claims to arbitration. The agreement to arbitrate is contained within a loan agreement between CFC and Santalucia to finance payments of premiums on two $10 million life insurance policies that were intended to pay her estate taxes upon her death.
In its order denying CFC’s motion to compel arbitration the trial court found:
1. In regards to Plaintiffs’ argument that the arbitration provision upon which CFC’s Motion to Compel Arbitration is predicated is unenforceable due to fraud, the Court finds sufficient evidence of fraud to not compel arbitration under the instant circumstances. In order to strike down an arbitration provision or to hold that the arbitration is not appropriately compelled, the fraud does not necessarily have to be completely and entirely within the provision itself.
2. The Court holds that the factual findings made and relied upon by the Court in issuing the instant order are only for the purposes of evaluating the enforceability of the arbitration provision. No such findings or holdings shall be applicable to any subsequent aspects of the instant case or any related litigation or forms of dispute resolution.
3. In regards to Plaintiffs’ argument that the arbitration provision upon which CFC’s Motion to Compel Arbitration is predicated is unenforceable due to unconscionability, the Court finds that there is substantial evidence to reflect procedural unconscionability; however, the Court finds that such arbitration provision is not substantively unconscionable, and is accordingly not unenforceable due to unconscionability.
4.In regards to Plaintiffs’ remaining arguments regarding a) the scope of the arbitration provision, b) the applicability of the Federal Arbitration Act, and c) the enforceability of the arbitration provision as against co-Plaintiff Aida Santa-lucia, the Court finds such arguments moot given its ruling that the arbitration provision is unenforceable due to fraud.
Accordingly, it is hereby ORDERED AND ADJUDGED:
CFC of Delaware LLC’s Motion to Compel Arbitration is DENIED.
We affirm the trial court’s finding that the arbitration clause is not substantively unconscionable. We, however, find the trial court erred in finding that the arbitration clause was unenforceable due to fraud and reverse that holding and remand to the trial court for consideration of those matters that the trial court found moot, i.e., the scope of the arbitration provision, the applicability of the Federal Arbitration Act, and the enforceability of the arbitration provision against Santalucia’s daughter, a co-plaintiff in the action.
In September of 2007, Santalucia purchased two $10 million life insurance policies so that her estate taxes would be paid upon her death. To finance payment of the premiums, she entered into a loan agreement with CFC. That same day, she also executed a trust agreement, naming BNC National Bank (“BNC”) as trustee, and giving BNC the right to change the beneficiary of the policies in the event of a default on the loan. The trust was named the beneficiary of the policies, and Santalu- *901 cia’s daughter was named beneficiary of the trust.
Under the loan agreement, the trust was the borrower and CFC was the lender. Pursuant to the loan agreement, CFC lent the trust the funds necessary to cover the premiums on the policies for the life of the loan agreement, which was two years. The loan agreement provided that, in the event the trust was unable to repay the loan, CFC could foreclose on the assets of the trust, including the policy. Santalucia did not pay the principal on the loan agreement when it came due and was unable to arrange for alternate financing. Thereafter, CFC foreclosed on the loans at which time the policies were sold to CFC.
Santalucia brought an action for damages against CFC; the life, insurance company; and BNC and its CEO, Jon Kidd[1] (“Kidd”), who sold the policies to Santalu-cia. The complaint included claims for breach of fiduciary duty, negligence, fraud, negligent misrepresentation, fraudulent inducement, breach of oral contract, reformation, exploitation of the elderly, and declaratory relief. The complaint alleged that BNC, Kidd, and CFC participated in a scheme to seize the insurance policies, that Kidd is a close friend of CFC’s president, and that Kidd and CFC’s president have engaged in similar activity in the past. The complaint also alleged that when the loan period expired, BNC transferred the policies to CFC. One count alleged fraudulent inducement against CFC, and specifically alleged that CFC representatives told Santalucia that the loan would automatically renew to cover the premiums, when in actuality the agreement provided that the loan matured in two years and that CFC could sell the insurance policies or have itself designated as beneficiary if Santalucia defaulted.
CFC moved to compel arbitration in Minnesota based on an arbitration clause in the loan agreement. The arbitration provision states, in relevant part:
Section 10.10 Arbitration
(a) Any dispute, controversy or claim arising out of, relating to, in connection with or in respect of this Agreement, including any question regarding its existence, validity, interpretation, breach or termination (a “Dispute”), shall be finally resolved by arbitration under the Commercial Arbitration Rules of the American Arbitration Association, which Rules are deemed to be incorporated by reference into this Section 10.10.
[[Image here]]
(c) The seat of the arbitration shall be Minneapolis, Minnesota.
“A trial court’s decision on the validity of an arbitration agreement is a matter of contract interpretation subject to de novo review.” Chapman v. King Motor Co. of S. Fla., 833 So.2d 820, 821 (Fla. 4th DCA 2002). However, the trial court’s factual findings will be upheld if based on competent, substantial evidence. McKenzie v. Betts, 55 So.3d 615, 621 (Fla. 4th DCA 2011). “[T]here are three elements for courts to consider in ruling on a motion to compel the arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.” Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). This is so whether the FAA or the Florida Code applies. Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005).
The trial court denied the motion to compel arbitration based on one ground: fraud. It specifically found the arbitration clause was not substantively unconsciona *902 ble. Santalucia argues that the claims against CFC are not subject to arbitration because the fraud is related to inclusion of the arbitration provision in the loan agreement. “It is well established that a dispute must be arbitrated where a complaint alleges fraud seeking to avoid or invalidate an entire agreement, rather than just the arbitration clause contained within the agreement. It is only where the complaint specifically challenges the arbitration clause that a trial court is permitted to determine the validity of the arbitration clause before submitting the remainder of the dispute to arbitration.” Simpson, 812 So.2d 588, 590 (Fla. 4th DCA 2002) (citations omitted) (holding that allegation that the contract was fraudulently induced by defendants’ misrepresentation about being licensed went to the contract rather than the arbitration provision, and thus arbitration could be compelled). See also Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) (holding that under the FAA, unless the parties agree otherwise, arbitration clauses are separable from the contracts in which they are contained, and a federal court may decide the issue of fraud in the making of the arbitration clause itself, but not a claim of fraud in the inducement of the contract generally; thus, a claim that the appellee had fraudulently misrepresented that it was solvent was a claim for the arbitrator); Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 449, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) (reaffirming that whether a challenge to a contract is brought in federal or state court, “a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.”); Beazer Homes Corp. v. Bailey, 940 So.2d 453, 457 (Fla. 5th DCA 2006) (recognizing the general rule established in Pnma Paint Corp., and noting that “the courts in this state have followed that ruling in fraud in the inducement cases, almost without exception, whether applying federal or state law.”)
The complaint here does not make any allegations about the arbitration provision. The crux of the claims against CFC is that its representative told Santalucia the loan agreement would be automatically renewed, but the agreement states otherwise. Because the claim of fraud went to the contract as a whole rather than the arbitration provision, the issue is one for the arbitrator.
Santalucia cites two cases for the proposition that if the arbitration provision was included as part of the fraud scheme, then arbitration may not be compelled. See Bombardier Capital Inc. v. Progressive Mktg. Group, Inc., 801 So.2d 131, 135 (Fla. 4th DCA 2001) (noting that in order to void a forum selection clause for fraud, one must show that the clause itself is the product of fraud or that alternatively, “[t]he fraud complained of must relate to the inclusion of the clause in the contract.’ ”) (citation omitted); Golden Palm Hospitality, Inc. v. Steams Bank Nat’l Ass’n, 874 So.2d 1231, 1235 (Fla. 5th DCA 2004) (same). These cases do not involve arbitration.
Santalucia failed to present any testimony to demonstrate any fraud related to the making of the arbitration agreement. We therefore reverse the trial court’s denial of the motion to compel arbitration based on its determination of fraud, we affirm the trial court’s finding that the arbitration was not substantively unconscionable and we remand for consideration of those points the court deemed moot.
MAY, C.J., and GERBER, J., concur.

. BNC and Jon Kidd are not parties to this appeal.