DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**SUNSPLASH EVENTS INC.,** a Florida corporation, and
**SUZANNE E. SNISKY-HOUGHTALING,**
Appellants,

v.

**PEDRO ROBLES,**
Appellee.

No. 4D13-4302

[November 12, 2014]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 502012CA008075XX.

Enrique Nieves, III of King, Nieves & Zacks, PLLC, West Palm Beach, for appellants.

Jana Marie Fried and Laura E. Eggnatz of Jfried Law, Weston, for appellee.

GERBER, J.

The defendants appeal from the circuit court's order denying their motion to compel arbitration of the plaintiff's claims arising from the parties' bill of sale agreement. The defendants argue that an arbitration clause contained in the parties' separate employment agreement was broad enough to encompass claims arising from the bill of sale agreement. We agree with the defendants and reverse for entry of an order compelling arbitration of the plaintiff's claims arising from the bill of sale agreement.

As alleged in the second amended complaint, the plaintiff entered into an employment agreement with defendant Sunsplash (the "company"). The employment agreement (attached to the second amended complaint) provided as follows regarding the possibility of the plaintiff owning a competing business:

> Employee warrants that, as of the date of this Agreement, he has no ownership interest in . . . any business that competes with the Company . . . .
>
> . . . .
>
> During the period of his employment by the Company, and for a period of two years immediately following the termination of such employment for whatever reason, Employee shall not have any direct or indirect ownership or other financial interest in any business which competes with the Business of the Company . . . .

The employment agreement also contained the following arbitration provision, in pertinent part:

> [T]he Parties hereby agree and specifically stipulate that *all differences, claims or matters of dispute relating to the performance of duties and/or benefits arising between the Parties to this Agreement contained herein* shall be submitted to a mutually acceptable arbitrator . . . .

(emphasis added).

Contemporaneous with the parties' execution of the employment agreement, the parties also executed a bill of sale agreement regarding the plaintiff's existing business. Under the bill of sale agreement (attached to the second amended complaint), the plaintiff agreed to transfer ownership of his inventory, goods, and materials to the company in exchange for cash and the assumption of the plaintiff's rental and other obligations. Consistent with the employment agreement, the bill of sale agreement provided that the plaintiff agreed to "cease and desist" in the operation of his business. However, unlike the employment agreement, the bill of sale agreement did not contain an arbitration provision.

In the second amended complaint, the plaintiff sued the company and its president under various claims related to the bill of sale agreement. In sum, the second amended complaint alleged that the company failed to pay the plaintiff under the employment agreement or the bill of sale agreement, and that the company's president made numerous misrepresentations to the plaintiff to induce him to enter into the employment agreement and the bill of sale agreement.

2

The defendants moved to dismiss the second amended complaint and compel arbitration of the claims relating to the bill of sale agreement. The defendants argued that the employment agreement's arbitration provision, requiring arbitration of "all differences, claims or matters of dispute relating to the performance of duties and/or benefits arising between the Parties to this Agreement contained herein," was "written broadly to encompass all matter[s] between the parties. . . . Therefore, the issue of the bill of sale is arbitrable and this case must be dismissed."

The plaintiff, in response to the motion to dismiss and compel arbitration, argued that his claims related to the bill of sale agreement were "not arbitrable issues as they do not relate to matters specifically contemplated by the Employment Agreement." According to the plaintiff:

> Plaintiff's claims related to the Bill of Sale – a wholly separate and independent contract – clearly do not have a contractual nexus to the Employment Agreement as they do not present circumstances in which the resolution of those claims would require either reference to, or construction of[,] the Employment Agreement. . . . The Employment Agreement does not reference the Bill of Sale, nor does the Bill of Sale reference the Employment Agreement. The Bill of Sale contains terms and conditions that are solely related to the purchase and transfer of ownership of inventory housed in two warehouses, and for the rental of those warehouses. The Bill of Sale says nothing regarding Plaintiff's employment with [the company], and contains no provisions that even remotely suggest that reference to the Employment Agreement would be required should a dispute regarding the terms and conditions of the Bill of Sale arise. Likewise, the Employment Agreement contains no provisions that even remotely suggest that any other contracts or agreements, including the Bill of Sale, would require reference to the Employment Agreement should a dispute regarding the terms and conditions of such other contract or agreement arise. The Employment Agreement contains terms and conditions that are solely related to Plaintiff's employment with [the company]. Therefore, Plaintiff's claims related to the Bill of Sale are not arbitrable issues, and Plaintiff's Second Amended Complaint should not be dismissed.

The circuit court entered an order denying the defendants' motion to dismiss the second amended complaint and compel arbitration.

This appeal followed. The defendants argue that the employment agreement's broadly written arbitration provision encompasses claims bearing a significant relationship or nexus to the employment agreement. According to the defendants:

> [T]he [Plaintiff's] claims arise from the same operative facts. The claims involve alleged misrepresentations to induce Plaintiff's employment and a bill of sale. The employment agreement precluded the Plaintiff (a former competitor) from working, owning or operating any other business [which competes with the company]. The bill of sale itself contains a specific clause where [the] Plaintiff must cease and desist from the sale of any of the inventory located at the Plaintiff's warehouse unless for the purpose of [the company], and requires the closure of [the] Plaintiff's business. The parties['] relationship, [and] the language of the bill of sale effective the same day as the employment agreement, satisfies the ["]relating to the performance of duties, and/or benefits["] under the plain language of the arbitration clause. A significant relationship exists and this case must be reversed.

Upon our de novo review of the four corners of the second amended complaint and its attached employment agreement and bill of sale agreement, we agree with the defendant's argument. *See Heller v. Blue Aerospace, LLC*, 112 So. 3d 635, 636 (Fla. 4th DCA 2013) ("A trial court's construction of an arbitration provision and denial of a motion to compel arbitration are reviewed de novo.") (citation omitted); *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 592-93 (Fla. 2013) (review of an order on a motion to dismiss and compel arbitration "is limited to the four corners of the complaint and its incorporated attachments").

"Generally, the three fundamental elements that must be considered when determining whether a dispute is required to proceed to arbitration are: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Jackson*, 108 So. 3d at 593 (citing *Seifert v. U.S. Home Corp.,* 750 So. 2d 633, 636 (Fla. 1999)). Here, the question is whether the plaintiff's claims relating to the bill of sale agreement create an arbitrable issue under the employment agreement's arbitration provision.

Our answer to that question depends upon our determination of whether the employment agreement's arbitration provision is narrow in scope or broad in scope. *See Jackson*, 108 So. 3d at 593 ("Two basic types of arbitration provisions have emerged: (1) provisions with language and

application narrow in scope, and (2) provisions with language and application broad in scope."). As our supreme court held in *Jackson*:

> An arbitration provision that is considered to be narrow in scope typically requires arbitration for claims or controversies "arising out of" the subject contract. This type of provision limits arbitration to those claims that have a direct relationship to a contract's terms and provisions. In contrast, an arbitration provision that is considered to be broad in scope typically requires arbitration for claims or controversies "arising out of *or relating to*" the subject contract. The addition of the words "relating to" broadens the scope of an arbitration provision to include those claims that are described as having a "significant relationship" to the contract – regardless of whether the claim is founded in tort or contract law.
>
> A "significant relationship" between a claim and an arbitration provision does not necessarily exist merely because the parties in the dispute have a contractual relationship. Rather, a significant relationship is described to exist between an arbitration provision and a claim if there is a "contractual nexus" between the claim and the contract. A contractual nexus exists between a claim and a contract if the claim presents circumstances in which the resolution of the disputed issue requires either reference to, or construction of, a portion of the contract. More specifically, *a claim has a nexus to a contract and arises from the terms of the contract if it emanates from an inimitable duty created by the parties' unique contractual relationship.* In contrast, a claim does not have a nexus to a contract if it pertains to the breach of a duty otherwise imposed by law or in recognition of public policy, such as a duty under the general common law owed not only to the contracting parties but also to third parties and the public.

*Id.* (internal citations omitted; emphasis added to second paragraph).

Applying our supreme court's guidance here, we hold that the plaintiff's claims relating to the bill of sale agreement fall within the scope of the employment agreement's arbitration provision for four reasons.

First, as with the contract at issue in *Jackson,* the employment agreement here has a broad arbitration provision because it subjects to arbitration "all differences, claims or matters of dispute *relating to* the

performance of duties and/or benefits arising between the Parties to this Agreement contained herein." (emphasis added). *See id.* at 594 ("In this case, . . . the contract at issue has a broad arbitration provision because it subjects '[a]ll controversies, claims, and other matters in question *arising out of or relating to* this transaction or this Contract or its breach' to binding arbitration.").

Second, the plaintiff's claims relating to the bill of sale agreement have a significant relationship to the claims relating to the employment agreement. According to the second amended complaint, the numerous misrepresentations alleged to have been made by the company president to induce the plaintiff into entering the bill of sale agreement are the same misrepresentations alleged to have been made to induce the plaintiff into entering the employment agreement. As a result, the claims relating to the bill of sale agreement are inextricably intertwined with the transaction from which the employment agreement emanated and the employment agreement itself. *Cf. id.* at 595 ("[A]lthough the fraud claim is based on common law fraud, it is inextricably intertwined with both the circumstances that surrounded the transaction from which the contract emanated and the contract itself.") (footnote omitted).

Third, resolution of the plaintiff's claims relating to the bill of sale agreement requires the construction and consideration of duties arising under the employment agreement. The bill of sale agreement provided that the plaintiff agreed to "cease and desist" in the operation of his business. Consistent with the bill of sale agreement, the employment agreement imposed upon the plaintiff the duties to warrant that he had "no ownership interest in . . . any business that competes with the Company" and that, during the period of his employment by the company, and for a period of two years immediately thereafter, he would not have "any direct or indirect ownership or other financial interest in any business which competes with the Business of the Company." Given this consistency of duties between the bill of sale agreement and the employment agreement, the determination of whether the plaintiff complied with the "cease and desist" duty of the bill of sale agreement may require a determination of whether the plaintiff complied with the non-compete provisions of the employment agreement. Put another way, an issue exists as to whether the plaintiff's performance of the "cease and desist" duty under the bill of sale agreement constituted "performance of duties . . . arising between the Parties" as described in the employment agreement's arbitration provision. *Cf. id.* at 594 ("[R]esolution of the fraud claim requires the construction and consideration of duties arising under the contract.").

6

Fourth, to the extent any ambiguity may exist in the scope of the employment agreement's arbitration provision, we resolve that ambiguity in favor of arbitration. *See id.* at 593 ("Courts generally favor such provisions, and will try to resolve an ambiguity in an arbitration provision in favor of arbitration.") (citations omitted).

Based on the foregoing, we reverse for entry of an order compelling arbitration of the plaintiff's claims arising from the bill of sale agreement as pled in the second amended complaint. It is not necessary for the circuit court to dismiss the plaintiff's action itself, as we expect the prevailing party in the arbitration will return to the circuit court at some point for confirmation of the arbitration decision.

*Reversed and remanded.*

LEVINE and KLINGENSMITH, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

7