DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOUND MOUNDS, INC.** and **GEOFFREY BODLE,**
Appellants,

v.

**ADRIAN FINCH,** an individual,
Appellee.

No. 4D14-1520

[December 17, 2014]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 13-21959 CACE.

Gary E. Smith of Gary E. Smith, P.A., Pensacola, for appellants.

Paul K. Silverberg and Kraig S. Weiss of Silverberg & Weiss, P.A., Weston, for appellee.

WARNER, J.

The trial court stayed arbitration in a dispute between a Florida resident and a Texas corporation over a franchise agreement entered into between them. The court concluded that the entire agreement was void as against public policy. Appellees challenged the agreement as a whole, and not merely the arbitration provision. The law is clear that issues going to the validity of the entire agreement are questions for the arbitrator, not the court. We reverse.

Appellee purchased a "Poop 911" franchise from appellant Hound Mounds, Inc. based upon representations as to the growth potential, services, and territory for the franchise. The franchise agreement contained an arbitration provision which required arbitration of disputes "aris[ing] out of or relating to this Agreement or breach thereof . . . . Arbitration will be the sole and exclusive procedure for the resolution of disputes between the FRANCHISEE and Franchisor arising out of or relating to this Agreement."

Later, appellee learned that the franchise was required to provide more services than he originally thought, and appellants also expanded the

territory appellee was required to cover. Eventually, appellee "was forced to shut down [his] Poop 911 of South Florida, LLC company to mitigate his damages." He then filed suit for violations of Florida Deceptive and Unfair Trade Practices Act, alleging appellants had failed to provide him a franchise disclosure document as required by the Federal Trade Commission, and had misrepresented "the scope of franchise services, the required total investment, the time and territorial commitments and the likelihood of success of the business." He sought damages and attorney's fees and "a declaratory judgment that any actions, obligations or other benefits derived by [Hound Mounds] as a result of the violation of this part, and therefore in violation of public policy, are unenforceable, rescinded, void and/or of no further effect[.]"

When appellee filed suit, Hound Mounds had already begun arbitration proceedings with appellee in Texas as provided in the arbitration agreement. Appellee moved the court to stay the proceedings on the grounds that his complaint alleged that the franchise agreement violated public policy. After a hearing, the trial court entered a stay. Hound Mounds appeals.

Arbitration agreements are governed by the Florida Arbitration Code, which provided, in relevant part:

> On application the court may stay an arbitration proceeding commenced or about to be commenced, if it shall find that no agreement or provision for arbitration subject to this law exists between the party making the application and the party causing the arbitration to be had. The court shall summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application.

§ 682.03(4), Fla. Stat. (2010).[1] Arbitration agreements may also be governed by the Federal Arbitration Act if the agreement involves interstate commerce, in which case the federal act supersedes inconsistent state law. *See Gilman + Ciocia, Inc. v. Wetherald*, 885 So. 2d 900, 903-04 (Fla. 4th DCA 2004). As this agreement is a franchise agreement between a Texas

---

[1] The statute was amended effective July 1, 2013. However, the 2010 version applies because appellee's complaint alleges he purchased the franchise in May 2010. *See* § 682.013(2), Fla. Stat. (2013) (unless the parties agree to be governed by the 2013 revised code, arbitration agreements "shall be governed by the applicable law existing at the time the parties entered into the agreement").

2

corporation and a Florida resident, we conclude that it is governed by the federal act.

Nevertheless, under either Florida or federal law, only a challenge to an arbitration clause itself may be determined by the trial court. A challenge to the entire agreement is an issue which must be arbitrated. This principle was established by the United States Supreme Court in *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006), which held:

> Challenges to the validity of arbitration agreements "upon such grounds as exist at law or in equity for the revocation of any contract" can be divided into two types. One type challenges specifically the validity of the agreement to arbitrate. . . . The other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.
>
> . . . .
>
> First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts. . . . [B]ecause respondents challenge the Agreement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract. The challenge should therefore be considered by an arbitrator, not a court.

*Id.* at 444-46 (footnote omitted, citations omitted); *see also Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("[A] party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate."). Florida law is in accord. *See Charles Boyd Constr., Inc. v. Vacation Beach, Inc.*, 959 So. 2d 1227, 1231-32 (Fla. 5th DCA 2007) ("[U]nder either the Florida or Federal view, only an attack on the making of the arbitration provision of the contract raises an issue for the court to decide."); *see also CFC of Delaware LLC v. Santalucia*, 91 So. 3d 899, 901 (Fla. 4th DCA 2012) (noting analysis of whether a claim is subject to arbitration was the same under either).

Appellee's motion to stay arbitration was based on the alleged invalidity of the entire franchise agreement between the parties; it did not specifically

3

attack the arbitration provision. Therefore, the issue of the invalidity of the entire agreement is subject to arbitration, and the court erred in staying arbitration. Appellee cites to *Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456 (Fla. 2011), and *Global Travel Marketing, Inc. v. Shea*, 908 So. 2d 392 (Fla. 2005), but both cases are inapposite because both dealt with the validity of the arbitration agreement itself and not the whole agreement between the parties.

The trial court's order staying the pending arbitration proceedings is reversed and remanded to vacate the stay.

TAYLOR and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***