DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COUNTYLINE AUTO CENTER, INC.,** doing business as Lexus of
Pembroke Pines
Appellant,

v.

**OLGA KULINSKY, STANISLAV KULINSKY, ELITE GUARD INC.** and
**THE FINAL NOTICE AGENCY INC.,**

Appellees.

No. 4D17-2847

[November 21, 2018]

Appeal of non-final order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No.
17-003105 (02).

Nancy W. Gregoire of Birnbaum, Lippman & Gregoire, PLLC, Fort
Lauderdale, and Glen R. Goldsmith of Glen R. Goldsmith, P.A., Miami, for
appellant.

Yelena Shneyderman, of Yelena Shneyderman, P.A., Hollywood, for
appellees Olga Kulinsky and Stanislav Kulinsky.

PER CURIAM.

Countyline Auto Center, Inc., ("Countyline") appeals the trial court's
partial denial of its motion to compel arbitration in the underlying action
following its sale of a vehicle to the appellees, Olga and Stanislav Kulinsky
("the Kulinskys"). The trial court ruled that the defamation count included
in the Kulinskys' lawsuit against Countyline was an independent tort and
did not fall within the scope of the parties' arbitration agreement. We
disagree, and reverse because the arbitration clause under review
expressly includes tort actions—which encompasses the Kulinskys' cause
of action for defamation.

The Kulinskys sued Countyline and others following their purchase of
a used Bentley and its subsequent repossession that was the product of a
mistake. The Kulinskys' amended complaint alleged three counts against

Countyline, one of which was a defamation claim based on the conduct of a Countyline salesman. In particular, the Kulinskys noted that the salesman resided in the same condominium complex as they did, along with many of their business customers. They stated that the condominium community was close-knit, whereby all residents were intimately familiar with each other's personal and business affairs. The Kulinskys claimed that after the repossession, Countyline's salesperson "had conversations with members of the condominium community, in which he falsely stated that [the Kulinskys'] Bentley was repossessed because [they] were suffering financial difficulty." The Kulinskys also asserted that Countyline was vicariously liable for the damages caused by those defamatory statements.

Countyline moved to compel arbitration on all counts based on an arbitration clause within the Bentley's Retail Installment Sales Contract. The clause provided, in relevant part:

> Any claim or dispute, whether in contract, **tort**, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

(Emphasis added). The trial court ruled that the defamation count was independent and outside the scope of that clause.

"'[T]he standard of review applicable to the trial court's construction of an arbitration provision, and to its application of the law to the facts found, is de novo.'" *BDO Seidman, LLP v. Bee*, 970 So. 2d 869, 874 (Fla. 4th DCA 2007) (quoting *Fonte v. AT & T Wireless Servs., Inc.*, 903 So. 2d 1019, 1023 (Fla. 4th DCA 2005)); *accord Allied Prof'ls Ins. Co. v. Fitzpatrick*, 169 So. 3d 138, 141 (Fla. 4th DCA 2015).

"'Generally, the three fundamental elements that must be considered when determining whether a dispute is required to proceed to arbitration are: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.'" *Sunsplash Events Inc. v. Robles*, 150 So. 3d 1194, 1197 (Fla. 4th DCA 2014) (quoting *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587,

593 (Fla. 2013)). We write to address only the second element, because it is the only element that the parties expressly dispute. Consequently, we hold—for the following three reasons—that the Kulinskys' defamation claim falls within the scope of the Sales Contract's arbitration provision.

First, the arbitration language expressly contemplates tort actions. *See BKD Twenty-One Mgmt. Co., Inc. v. Delsordo,* 127 So. 3d 527, 531-32 (Fla. 4th DCA 2012) (holding that premises liability claims brought by a resident who fell in a retirement community's common area had to be arbitrated because the lease's arbitration clause expressly covered "negligence" claims "arising out of or related to this Agreement, the Establishment or the services/care provided to the Resident"); *Xerox Corp. v. Smartech Document Mgmt. Inc.*, 979 So. 2d 957, 959–60 (Fla. 3d DCA 2007) (noting that multiple claims, including defamation, were covered by an arbitration clause that encompassed "any and all claims . . . arising out of or in any way relat[ed] to th[e] agreement . . . between the parties, regardless of whether the claim [was] based upon tortious conduct . . . or any other theory at law or in equity . . . ." (Alterations added)).

Second, the arbitration language is broad because of the "relates to" language. *See Jackson,* 108 So. 3d at 593. Per its terms, the parties intended to arbitrate "[a]ny claim or dispute, whether in contract, tort, statute or otherwise . . . between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application." "The addition of the words 'relating to' broadens the scope of an arbitration provision to include those claims that are described as having a 'significant relationship' to the contract—regardless of whether the claim is founded in tort or contract law." *Id.* at 593.

We agree with Countyline that there is a significant relationship between the claim and the agreement. The Kulinskys alleged that the defamation claim is based on defamatory statements allegedly made by Countyline's salesman within the scope of his employment. Those statements related to the Kulinskys' purchase of the vehicle and their ability to afford it, which in turn relates to the credit application and contract that controlled the purchase. *See e.g., Roth v. Cohen,* 941 So. 2d 496, 500 (Fla. 3d DCA 2006) (finding a sufficient nexus between defamation claims and a design contract, thereby bringing the claims into the purview of the contract's arbitration clause).

We distinguish *King Motor Co. of Fort Lauderdale v. Jones,* 901 So. 2d 1017, 1020 (Fla. 4th DCA 2005), where this Court affirmed the trial court's denial of a motion to compel arbitration of tort claims following the plaintiff's purchase of a car at a dealership. There, the plaintiff sued the

3

dealership and alleged that the salesman used the information contained on her credit application to steal her identity, make fraudulent purchases, and fraudulently withdraw from her bank account. *Id.* at 1017. The dealer's arbitration clause did not refer to tort claims, as in this case, nor did the claim have the required contractual nexus. *Id.* at 1018-19; *see BKD Twenty–One,* 127 So. 3d at 531-32.

Third, to the extent any ambiguity may exist in the scope of the purchase agreement's arbitration provision, we resolve that ambiguity in favor of arbitration. *See Jackson,* 108 So. 3d at 593.

Based on the foregoing, we reverse for entry of an order compelling arbitration of the Kulinskys' defamation claim.

*Reversed and remanded.*

GERBER, C.J., GROSS and KLINGENSMITH, JJ., concur.

\*  \*  \*

***Not final until disposition of timely filed motion for rehearing.***

4