DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETROLEOS MEXICANOS,**
Appellant,

v.

**EXECUTIVE MFE AVIATION, LLC, JET HELI EXECUTIVE SERVICES, LTD, PEMEX PROCUREMENT INTERNATIONAL, INC., MATRIX AVIATION, INC.,** and **OSCAR MAURICIO OAXACA RODRIGUEZ,**
Appellees.

No. 4D20-0102

[January 6, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE18-0162647 (14).

Mark R. Cheskin, Richard C. Lorenzo, and William J. Homer of Hogan Lovells US LLP, Miami, and Jessica Black Livingston of Hogan Lovells US LLP, Denver, Colorado, for appellant.

Susan Granoff and Pablo R. Bared of Bared & Associates, P.A., Coral Gables, and Juan Ramirez, Jr., of ADR Miami LLC, Coral Gables, for appellees Executive MFE Aviation, LLC and Jet Heli Executive Services, LTD.

Peter T. Mavrick and Jacob M. Resnick of Mavrick Law Firm, Fort Lauderdale, for appellee Pemex Procurement International, Inc.

PER CURIAM.

Petroleos Mexicanos ("Pemex") appeals an order denying its motion to compel arbitration. Pemex argued that the plaintiffs were bound by two written arbitration clauses, even though they were not parties to the contracts containing those clauses, either because they were joint venturers with one of the parties or because they were third-party beneficiaries of the contracts. The trial court did not resolve that issue but ruled that Pemex could not compel arbitration in any event because the contracts had terminated and the plaintiffs' claims arose from a subsequent oral agreement. We conclude that the court erred in failing

to determine, as a threshold issue, whether the plaintiffs are bound by the arbitration clauses. If they are bound, and if Pemex did not waive its right to compel arbitration, then any other issue is for the arbitrator to decide.

*Background*

This case arises from Pemex's alleged failure to pay for maintenance and repair services the plaintiffs performed on two aircraft that Pemex had recently purchased from Matrix Aviation, Inc. Pemex, through its procurement agent, executed a written purchase agreement with Matrix for each aircraft. Each purchase agreement contains a clause requiring arbitration of "any claims, disputes and controversies arising out of or relating to" the agreement, subject to the rules of the American Arbitration Association.

The plaintiffs were not parties to the purchase agreements but claim they had a joint venture agreement with Matrix for the purpose of selling the aircraft to Pemex. The plaintiffs claim they were entitled to a share of the sale proceeds and had the exclusive option to provide any post-delivery maintenance services and receive the proceeds from those services.

The plaintiffs began performing maintenance and repair services on both aircraft shortly after they were delivered to Pemex. Pemex claims the plaintiffs' services were either contemplated by the purchase agreements or covered by the commercial warranty contained in those agreements. The plaintiffs, however, claim they formed a separate oral agreement with Pemex and its procurement agent to substantially modify the aircraft to be used by the Mexican Air Force. The plaintiffs claim they are owed almost $8 million for their services.

The plaintiffs sued Pemex, Pemex's procurement agent, and Matrix. They allege that Pemex and its procurement agent breached the oral agreement by failing to pay for the services they performed on the aircraft. They also allege that Matrix breached the joint venture agreement by retaining all of the proceeds from the sale of the aircraft and by wrongfully attempting to obtain payment from Pemex and its procurement agent for the plaintiffs' services.

Pemex moved to compel arbitration of the plaintiffs' claims based on the arbitration clauses in the purchase agreements. Even though the plaintiffs were not parties to the purchase agreements, Pemex contended that they were bound by the arbitration clauses either through their joint

2

venture with Matrix or as third-party beneficiaries of the agreements. The plaintiffs argued that the purchase agreements had terminated upon delivery of the aircraft and that their claims arose from the subsequent oral agreement. They also argued that Pemex had waived its right to compel arbitration as a result of its or its procurement agent's participation in the litigation.

The court denied Pemex's motion to compel arbitration after a non-evidentiary hearing. The court did not make any findings as to whether the plaintiffs were bound by the arbitration clauses in the purchase agreements or as to whether Pemex waived its right to compel arbitration. Instead, the court ruled that Pemex could not compel arbitration under the purchase agreements because those agreements had terminated and the parties had formed a new oral agreement from which the plaintiffs' claims arose.

This appeal followed.

*Analysis*

We review the trial court's order de novo. *See Countyline Auto Ctr., Inc. v. Kulinsky*, 257 So. 3d 1086, 1088 (Fla. 4th DCA 2018) ("[T]he standard of review applicable to the trial court's construction of an arbitration provision, and to its application of the law to the facts found, is de novo." (citation omitted)).

In ruling on a motion to compel arbitration, the trial court must consider three elements: (1) whether a valid written agreement to arbitrate existed; (2) whether an arbitrable issue has been raised; and (3) whether the right to compel arbitration has been waived. *See Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999).

The court in this case erred in failing to determine, as a threshold issue, whether the plaintiffs are bound by the arbitration clauses in the purchase agreements. The court's inquiry as to whether a valid written agreement to arbitrate existed required it to address Pemex's argument that the plaintiffs are bound by the arbitration clauses either through their joint venture with Matrix or as third-party beneficiaries of the purchase agreements. *See Lion Gables Realty Ltd. v. Randall Mech., Inc.*, 65 So. 3d 1098, 1099-1100 (Fla. 5th DCA 2011) (stating that the issue of whether a valid written agreement to arbitrate exists "necessarily involves a determination of whether a valid agreement exists *between the parties*"); *Martha A. Gottfried, Inc. v. Paulette Koch Real Estate*, 778 So. 2d 1089, 1090 (Fla. 4th DCA 2001) (recognizing that non-signatories can be

3

bound by arbitration agreements under "ordinary principles of contract law and agency").

If the plaintiffs are bound by the arbitration clauses, and if Pemex did not waive its right to compel arbitration, then it is for the arbitrator—not the court—to decide whether the purchase agreements terminated upon delivery of the aircraft or whether the plaintiffs' claims arose from a subsequent oral agreement rather than the purchase agreements. The question of whether the purchase agreements terminated upon delivery of the aircraft must be arbitrated because it concerns the continued validity of the contract as a whole rather than the validity of the arbitration clause itself. *See Hound Mounds, Inc. v. Finch*, 153 So. 3d 368, 370-71 (Fla. 4th DCA 2014) (recognizing that under both federal and Florida law, the court can resolve only a challenge to the arbitration clause itself; any challenge to the entire contract is an issue that must be arbitrated); *see also Arrasola v. MGP Motor Holdings, LLC*, 172 So. 3d 508, 513 (Fla. 3d DCA 2015) (holding that a claim of "termination of the agreement as a whole" must be considered by the arbitrator rather than the court). And the question of whether the plaintiffs' claims arose not from the purchase agreements but from a subsequent oral agreement must also be arbitrated because it is a question of arbitrability, which the parties delegated to the arbitrator under the rules of the American Arbitration Association. *See Miami Marlins, L.P. v. Miami-Dade Cty.*, 276 So. 3d 936, 940 (Fla. 3d DCA 2019) (recognizing that rule 7(a) of the Commercial Arbitration Rules of the American Arbitration Association "makes the arbitration panel the gateway for determinations regarding arbitrability"); *see also Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 529-30 (2019) (holding that where the parties have delegated questions of arbitrability to the arbitrator, the court may not decide any issue of arbitrability even if it finds the argument that the arbitration agreement applies to a particular dispute to be "wholly groundless").

We therefore reverse the order denying Pemex's motion to compel arbitration and remand for the court to determine whether the plaintiffs are bound by the arbitration clauses in the purchase agreements. The court also may consider whether Pemex waived its right to compel arbitration by participating in the litigation. *See, e.g., Palmcrest Homes of Tampa Bay, LLC v. Bank of Am., N.A.*, 67 So. 3d 1169, 1173 (Fla. 2d DCA 2011) (recognizing that waiver is an issue for the court, not the arbitrator, to decide). An evidentiary hearing may be required. *See Linden v. Auto Trend, Inc.*, 923 So. 2d 1281, 1282-83 (Fla. 4th DCA 2006); *Epstein v. Precision Response Corp.*, 883 So. 2d 377, 379 (Fla. 4th DCA 2004). If the court determines that the plaintiffs are bound by the

arbitration clauses and that Pemex did not waive its right to compel arbitration, then it must stay the litigation and compel arbitration, leaving any other issue for the arbitrator to decide.

*Reversed and remanded.*

LEVINE, C.J., CIKLIN, and KLINGENSMITH, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**