# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-2312
LT Case No. 2022-CA-000197

_____

RETAIL DETAIL MERCHANDISING,
LLC,

     Appellant,

     v.

DIANE MURPHY,

     Appellee.

_____

Nonfinal appeal from the Circuit Court for Seminole County.
Jessica J. Recksiedler, Judge.

Keith L. Hammond, of Hammond Law Center, Celebration, and
Jeffrey M. Koltun, of Kane and Koltun, Attorneys at Law,
Maitland, for Appellant.

No Appearance for Appellee.

November 9, 2023

EDWARDS, C.J.

     Appellant, Retail Detail Merchandising, LLC, appeals the
order summarily denying its Motion to Dismiss/Motion to Compel
Arbitration. It argues that the trial court erred in denying its
motion because: 1) a valid, written agreement to arbitrate existed,
2) an arbitrable issue existed, and 3) Appellant did not waive its

right to arbitrate. We agree and reverse for entry of an order staying the litigation and compelling arbitration.

## BACKGROUND FACTS

Appellee, Diane Murphy, filed a complaint against Retail Detail claiming disability discrimination under Florida Civil Rights Act of 1992 (count one), unlawful retaliation under the same Act (count two), and retaliation under section 440.205, Florida Statutes (2020) (count three). Murphy alleged that she had been an employee of Retail Detail and was assigned to a travel team where she would travel to new stores to prepare the store for opening. On November 5, 2019, she suffered a broken ankle and wrist when she fell off a ladder while working for Retail Detail. She then filed a workers' compensation claim. In February 2020, Murphy allegedly requested "light duty" due to her injuries. In March 2020, she was terminated for failure to perform her duties in accordance with the employment agreement.

In response to Murphy's complaint, Retail Detail filed its Motion to Dismiss or in the Alternative Motion to Stay Action and Compel Arbitration with Incorporated Memorandum of Law. It argued that the parties signed an employment agreement that required arbitration of any claims regarding the performance or interpretation of that agreement. Retail Detail attached to its motion a copy of the employment agreement. It also specifically cited the arbitration provision that states:

> XX. DISPUTES. Except with respect to any enforcement action brought pursuant to Sections XIV, XV or XVI above, **if there is any dispute regarding the performance or interpretation of this Agreement, including but not limited to a breach thereof, such dispute will be settled by arbitration** administered in Orlando, Florida by the American Arbitration Association, and judgment on the award rendered by the arbitrator may be entered in any court of appropriate jurisdiction.

2

(emphasis added). In the motion, it cited section 682.03, Florida Statutes (2022), which directs a court to stay proceedings and order the parties to arbitrate when a litigated claim is subject to an agreement to arbitrate. In its incorporated memorandum of law, Retail Detail laid out the applicable law, which we will discuss below, to establish its position that arbitration should be compelled because a valid agreement to arbitrate existed, that the issues at hand were arbitrable, and that it had not waived the right to arbitration.

Retail Detail subsequently filed a notice of hearing setting its Motion to Compel Arbitration for hearing. Two months later, and without holding a hearing, the trial court issued an Order Denying Motion to Dismiss, stating that it had reviewed the motion to compel arbitration and the motion was denied. The order made no findings of fact, failed to mention any of the controlling law contained in Retail Detail's motion and memorandum of law, and set forth no analysis or reasoning. The order directed Retail Detail to answer the complaint within twenty days, and Retail Detail complied.

This timely appeal follows.

## STANDARD OF REVIEW

"The standard of review of a trial court's order on a motion to compel arbitration is de novo." *Northport Health Servs. of Fla., LLC v. Louis*, 240 So. 3d 120, 122 (Fla. 5th DCA 2018).

## ANALYSIS

"[A]rbitration provisions are common, and their use generally favored by the courts." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). When ruling on a motion to compel arbitration, the trial court must consider: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Id.*; *see also Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1152 (Fla. 2014). Furthermore, section 682.03 states that upon a motion showing that an agreement to arbitrate exists and alleging the other party's refusal to arbitrate:

3

> (a) If the refusing party does not appear or does not oppose the motion, the court shall order the parties to arbitrate.
>
> (b) If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

§ 682.03(1), Fla. Stat. (2022). This statute also states that:

> (6) If a party makes a motion to the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section.

§ 682.03(6), Fla. Stat. (2022).

Here, Retail Detail promptly moved to compel arbitration and set the matter for hearing. Retail Detail's motion and memorandum of law cited the *Seifert* test and the relevant statutory provisions cited above. There is nothing in the record on appeal indicating that Murphy filed any opposition to the motion.[1] There was no hearing on the motion. Thus, applying section 682.03(a) to these circumstances, the trial court "shall order the parties to arbitrate." Thus, the court erred in denying the motion to compel arbitration and stay the litigation.

Going to the merits, arbitration should have been compelled in this case because the three *Seifert* prongs are met. The employment agreement attached to the motion was signed by both Murphy and Retail Detail. The agreement outlined the terms of Murphy's employment, the grounds for employment termination, the procedure in the event of termination, and most importantly, it contained an arbitration provision. Thus, the first prong of

---

[1] Murphy did not file an answer brief in this appeal.

4

*Seifert* is met. *See Massage Envy Franchising, LLC v. Doe*, 339 So. 3d 481, 484 (Fla. 5th DCA 2022).

The second prong—whether an arbitrable issue exists—is also met here. "A contractual nexus exists between a claim and a contract if the claim presents circumstances in which the resolution of the disputed issue requires either reference to, or construction of, a portion of the contract." *Sunsplash Events Inc. v. Robles*, 150 So. 3d 1194, 1197 (Fla. 4th DCA 2014). The arbitration provision at issue states: "if there is any dispute regarding the performance or interpretation of this Agreement, including but not limited to a breach thereof, such dispute will be settled by arbitration administered in Orlando, Florida . . . ." Murphy's complaint raises claims of improper termination and her alleged inability to "perform full duty" due to her physical injury. The employment agreement contains a provision stating that Murphy was required "to perform, at all times faithfully, industriously, and to the best of Employee's ability, experience, and talents, all of the duties that may be required of and from Employee pursuant to the express and implicit terms of this Agreement, to the reasonable satisfaction of Employer." The agreement further provided that Retail Detail may terminate Murphy's employment if she fails in the performance of duties. The resolution of Murphy's claims will require the interpretation of the employment agreement and relevant facts, thus presenting proper issues for arbitration.

Finally, the third prong—no waiver of the arbitration clause—is met here. "The general definition of 'waiver' as 'the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right' is also applicable to the right of arbitration." *Ibis Lakes Homeowners Ass'n, v. Ibis Isle Homeowners Ass'n,* 102 So. 3d 722, 730 (Fla. 4th DCA 2012) (quoting *Raymond James Fin. Servs., Inc. v. Saldukas,* 896 So. 2d 707, 711 (Fla. 2005)). "All doubts regarding waiver should be construed in favor of arbitration rather than against it." *Marine Env't Partners, Inc. v. Johnson,* 863 So. 2d 423, 426 (Fla. 4th DCA 2003).

5

Waiver of the right to arbitrate may be found if the party seeking arbitration first answered the complaint and then engaged in discovery regarding the merits of a claim before moving to compel arbitration. *See Olson Elec. Co. v. Winter Park Redevelopment Agency*, 907 So. 2d 178 (Fla. 5th DCA 2008). Here, in response to Murphy's complaint, Retail Detail filed its motion to compel arbitration, set it for hearing, and did not file an answer until ordered to do so by the trial court. As such, there is no evidence in the record that it waived its right to compel arbitration.

## CONCLUSION

Accordingly, we reverse with instructions for the trial court to promptly enter an order granting Retail Detail's motion to compel arbitration, ordering the parties to arbitration in accordance with the provisions of the employment agreement, and staying the litigation.

REVERSED and REMANDED with instructions.

WALLIS and PRATT, JJ., concur.

—————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————————