IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

A.K. AND W.K., INDIVIDUALLY, ETC.,

     Appellants,

v.

     Case No. 5D14-2926

ORLANDO HEALTH, INC., ETC., ET AL.,

     Appellees.

_____/

Opinion filed March 4, 2016

Non-Final Appeal from the Circuit Court
for Orange County,
Donald E. Grincewicz, Judge.

Jessie L. Harrell, Bryan S. Gowdy, of Creed
& Gowdy, P.A., Jacksonville, for Appellants.

Dinah S. Stein, of Hicks, Porter, Ebenfeld &
Stein, P.A., Miami and Thomas Dukes, III, of
McEwan, Martinez & Dukes, P.A., Orlando,
for Appellees.


PER CURIAM.

     A.K. and W.K., individually and on behalf of their son, N.K., appeal from a nonfinal

order compelling contractual arbitration. The arbitration provision in this case is

substantially similar to the one we addressed in *Crespo v. Hernandez*, 151 So. 3d 495

(Fla. 5th DCA 2014), *review granted*, 171 So. 2d 116 (Fla. 2015). As in *Crespo*, we hold

that the arbitration agreement at issue here violates the public policy pronounced by the

Legislature in the Medical Malpractice Act, chapter 766, Florida Statutes (2012), by failing to adopt the necessary statutory provisions. Accordingly, we reverse the order compelling arbitration and remand to the trial court for further proceedings. We also certify that this decision conflicts with *Santiago v. Baker*, 135 So. 3d 569 (Fla. 2d DCA 2014).

REVERSED AND REMANDED; CONFLICT CERTIFIED

LAWSON, C.J., COHEN and LAMBERT, JJ., concur.