IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ESTATE OF YETTA NOVOSETT, ETC.,

        Appellant,

 v.                                  Case No. 5D14-4385

ARC VILLAGES IL, LLC, ARC LADY
LAKE, INC., ET AL.,

        Appellees.
_____/

Opinion filed March 11, 2016

Non-Final Appeal from the
Circuit Court for Lake County,
G. Richard Singeltary, Judge.

Megan L. Gisclar, Isaac R. Ruiz-Carus and
Kathleen Clark Knight, of Wilkes & McHugh,
P.A., Tampa, for Appellant.

Thomas A. Valdez, of Quintairos, Prieto,
Wood & Boyer, P.A., Tampa, and Robin
Khanal, of Quintairos, Prieto, Wood & Boyer,
Orlando, for Appellees.

PER CURIAM.

       We address the enforceability of an arbitration agreement in this dispute between

the nursing home owner/operators and the estate of a deceased resident of the nursing

home. Because the agreement contains an unenforceable cap on damages that goes to

the "financial heart" of the agreement, we conclude that the entire agreement is

unenforceable and reverse. *See Gessa v. Manor Care of Fla.,* 86 So. 3d 484, 490-91 (Fla.

2011) (holding that limitation of liability provisions in arbitration agreement included in

nursing home's admissions documents violated public policy and were not severable because they constituted financial heart of arbitration agreement).

The arbitration contract in this case contains a limitation of liability provision, purporting to place a cap on non-economic damages and preclude the availability of punitive damages. The lower court correctly held that this provision is against public policy and void. *See id.* at 492-93. It, nevertheless, compelled arbitration because this contract contains a severability clause. We conclude that *Gessa* is controlling here, notwithstanding the fact that the arbitration clause in *Gessa* did not contain a severability clause. The existence of a severability clause in an agreement is clearly not dispositive of whether a void clause invalidates the entire contract. *Shotts v. OP Winter Haven, Inc.,* 86 So. 3d 456, 478 (Fla. 2011). Rather, the controlling issue is whether an offending clause or clauses go to "the very essence of the agreement." *Id.* As our high court stated in *Gessa*, the limitation of liability provisions "place a clear upper limit on noneconomic damages and foreclose the prospect of punitive damages altogether. . . . In this respect, the [limitation of liability provisions] constitute the financial heart of the agreement." 86 So. 3d at 490. As in *Gessa,* we conclude that the offending clauses go to the essence of the agreement, invalidating the entire agreement, notwithstanding the severability clause.

Accordingly, the order compelling arbitration is reversed, and this cause is remanded for further proceedings. We certify the following question to the Florida Supreme Court as one of great public importance:

> Does the Court's holding in *Gessa v. Manor Care of Florida,* 86 So. 3d 484 (Fla. 2011), control where, as here, the contract contains a severability clause?

REVERSED AND REMANDED; QUESTION CERTIFIED.

ORFINGER, TORPY, and COHEN, JJ., concur.

2