IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ESTATE OF ROBERT F. REINSHAGEN,
BY AND THROUGH DONALD E.
REINSHAGEN, EXECUTOR DE SON TORT,

      Appellant,

v.                                                                    Case No.  5D15-4194

WRYP ALF, LLC, LEXINGTON PARK 466,
LLC AND REBECCA S. KOPPENHAFER,

      Appellees.

_____/

Opinion filed April 29, 2016

Non-Final Appeal from the Circuit Court
for Lake County,
Heidi Davis, Judge.

Isaac R. Ruiz-Carus, Megan L. Gisclar
and, Donna K. Hanes, of Wilkes &
McHugh, P.A., Tampa, for Appellant.

Michael R. D'Lugo, of Wicker, Smith,
O'Hara, McCoy & Ford, P.A., Orlando,
for Appellees.


PER CURIAM.

The Estate of Robert F. Reinshagen ("Estate"), which was the plaintiff below,

appeals the trial court's order compelling arbitration.  Mr. Reinshagen was a former

resident of the Appellees' assisted living facility.  Estate filed the instant suit, alleging

that its decedent sustained injuries resulting in his death due to Appellees' negligence and violations of decedent's statutory rights under chapter 429, Florida Statutes. Appellees successfully compelled arbitration pursuant to an arbitration clause in the residence agreement between Appellees and the decedent.

We reverse the order compelling arbitration based upon our recent opinion in *Estate of Novosett v. Arc Villages II, LLC*, 41 Fla. L. Weekly D652 (Fla. 5th DCA Mar. 11, 2016). In that case, the trial court held that the provisions in the arbitration agreement between the nursing home owner/operators and the estate of a deceased resident of the nursing home, which placed a cap on noneconomic damages and precluded the availability of punitive damages, were void as against public policy. 41 Fla. L. Weekly at D653. However, the court concluded that arbitration of the parties' dispute was still required pursuant to the parties' agreement because the agreement contained a severability clause that permitted the court to sever any unenforceable provisions of the contract without invalidating the entire agreement. *Id.* Citing to *Gessa v. Manor Care of Florida*, 86 So. 3d 484 (Fla. 2011),[1] we reversed, concluding that because the offending clauses went to the very essence of the agreement, the entire agreement was invalidated, notwithstanding the severability clause. *Id.*

Here, as in *Estate of Novosett*, the agreement between the parties placed a cap on the recovery of noneconomic damages and precluded the recovery of punitive

---

[1] In *Gessa*, the court held that limitation of liability provisions in the arbitration agreement included in nursing home's admissions documents violated public policy and were not severable because they constituted the financial heart of the arbitration agreement. 86 So. 3d at 490–91.

damages.[2] Accordingly, consistent with *Estate of Novosett*, the order compelling arbitration is reversed and this cause is remanded for further proceedings. As we did in *Estate of Novosett*, we certify the following question to the Florida Supreme Court as one of great public importance:

> DOES THE COURT'S HOLDING IN *GESSA V. MANOR CARE OF FLORIDA*, 86 So. 3d 484 (Fla. 2011), CONTROL WHERE, AS HERE, THE CONTRACT CONTAINS A SEVERABILITY CLAUSE?

REVERSED and REMANDED; QUESTION CERTIFIED.

PALMER, TORPY, and LAMBERT, JJ., concur.

---

[2] The trial judge found that these provisions, as well as provisions in the agreement which waived the right to recover attorney's fees and costs, waived the right to appeal the arbitrator's decision, and limited the taking of depositions, were unenforceable, but compelled arbitration due to the existence of the severability clauses in the parties' agreement. In defense of the trial judge, she did not have the benefit of our opinion in *Estate of Novosett* when she issued the order on appeal.