IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARIANNE KLEMISH, INDIVIDUALLY,
ETC., ET AL,

      Appellants,

 v.                                   Case No.  5D15-2574

ALEX VILLACASTIN, M.D., ET AL.,

      Appellees.

_____/

Opinion filed July 15, 2016

Non-Final Appeal from the Circuit Court
for Marion County,
Edward L. Scott, Judge.

Jessie L. Harrell and Bryan s. Gowdy, of
Creed & Gowdy,P.A., Jacksonville, and
Kevin J. Carden, Bounds Law Group,
Maitland, for Appellants.

Richard Benjamin Wilkes and David M.
Caldevilla, of De La Parte, Gilbert &
Bales, Tampa, for Appellee, Kindred
Hospitals East, LLC d/b/a Kindred
Hospital Ocala.

No attorney for remaining Appellees.


PALMER, J.

      Frank and Marianne Klemish appeal the trial court's non-final order compelling

arbitration of their medical malpractice claims against Kindred Hospitals East, LLC

(Hospital).[1] Determining that the arbitration agreement entered into by the parties is void because it violates public policy, we reverse.

Marianne was admitted to the Hospital for therapy and post-surgical care. She signed an arbitration agreement entitled "ALTERNATIVE DISPUTE RESOLUTION AGREEMENT AND AMENDMENT TO ADMISSION AGREEMENT." The agreement provided, in relevant part:

> The Parties agree as follows:
>
> . . . .
>
> 2. Waiver of Right to a Trial. By entering into this Agreement the Parties agree to resolve any dispute covered by this Agreement using mediation and arbitration, and give up their right to have the dispute decided in a court of law before a judge or jury.
>
> THE PARTIES UNDERSTAND THAT THE RULES OF PROCEDURE CONTAIN PROVISIONS FOR BOTH MEDIATION AND BINDING ARBITRATION. IF THE PARTIES ARE UNABLE TO REACH SETTLEMENT INFORMALLY, OR THROUGH MEDIATION, THE DISPUTE SHALL PROCEED TO BINDING ARBITRATION. BINDING ARBITRATION MEANS THAT THE PARTIES ARE WAIVING THEIR RIGHT TO A TRIAL, INCLUDING THEIR RIGHT TO A JURY TRIAL, THEIR RIGHT TO TRIAL BY A JUDGE AND THEIR RIGHT TO APPEAL THE DECISION OF THE ARBITRATOR(S).
>
> . . . .
>
> 5. Pre-Request Procedures. Notwithstanding anything in this Agreement to the contrary, in connection with any claim for medical malpractice as defined in Florida Statutes Section 766.106, or any similar successor law, or any claim or Request involving medical negligence, the Parties shall comply with the presuit investigation and presuit notification requirements under Chapter 766, Florida Statutes, or any similar successor laws (the "Presuit Statutes"), prior to filing a Request for ADR, unless the Parties agree to waive the

---

[1] Marianne appears individually and as guardian of her minor daughter, Skyla.

2

presuit requirements. For the purposes of this Agreement, all references in the Presuit Statutes to litigation shall be interpreted as applying to any arbitration hereunder. The confidentiality provisions of the Presuit Statutes shall apply to any arbitration under this Agreement.

. . . .

6. Arbitration of Damages. If prior to the filing of a Request for ADR either Party offers to have Patient's damages determined by arbitration in accordance with Chapter 766, Florida Statutes, and the other Party accepts such offer, the Parties shall arbitrate damages in accordance with Chapter 766, Florida Statutes, and the other terms and conditions of this Agreement shall not apply to such claim. If the recipient of such an offer to arbitrate damages rejects the offer, the provisions of this Agreement shall remain in full force and effect and the statutory limitations shall apply to any subsequently filed Request.

. . . .

8. Attorneys' Fees and Costs. The Parties will each bear their own attorneys' fees and costs incurred in connection with any claim made under or arising out of this Agreement, except as otherwise permitted by law.

During her stay at the Hospital, Marianne allegedly suffered additional injuries and, as a result, the Klemishes filed this medical malpractice lawsuit against several doctors and entities, including the Hospital. The Hospital, in turn, filed several motions, including a "Motion to Dismiss or to Stay Proceedings Pending Arbitration and Alternative Motion to Dismiss and for More Definite Statement" and a "Motion to Order Arbitration and Stay Discovery." Both motions sought relief based on the parties' arbitration agreement. By written order, the trial court granted the Hospital relief, ordering that the matter proceed to arbitration pursuant to the terms of the parties' arbitration agreement. This appeal followed.

The Klemishes argue that the trial court erred in ordering this matter to arbitration because their arbitration agreement is void as against public policy since it incorporates some, but not all, of the provisions of Florida's Medical Malpractice Act (MMA). We agree.

"A trial court's decision regarding whether an arbitration agreement or provision is void as against public policy presents 'a pure question of law, subject to de novo review.' " Fi-Evergreen Woods, LLC v. Estate of Vrastil, 118 So. 3d 859, 862 (Fla. 5th DCA 2013) (quoting Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 471 (Fla. 2011)).

Our Supreme Court has held that public policy prohibits the enforcement of an arbitration provision that incorporates some, but not all, of the MMA's arbitration provisions. Franks v. Bowers, 116 So. 3d 1240, 1248 (Fla. 2013). In Crespo v. Hernandez, 151 So. 3d 495 (Fla. 5th DCA 2014), review granted, 171 So. 3d 116 (Fla. 2015), we applied Franks in holding that the arbitration agreement in that case violated public policy. In its entirety, the opinion reads:

> The arbitration agreement at issue violates the public policy pronounced by the Legislature in the Medical Malpractice Act, chapter 766, Florida Statutes (2012), by failing to adopt the necessary statutory provisions. Franks v. Bowers, 116 So. 3d 1240, 1248 (Fla. 2013) ("Because the Legislature explicitly found that the MMA was necessary to lower the costs of medical care in this State, we find that any contract that seeks to enjoy the benefits of the arbitration provisions under the statutory scheme must necessarily adopt all of its provisions."). Therefore, we reverse the order rendered by the trial court compelling binding arbitration pursuant to the arbitration agreement under review. We certify conflict with the decision of the Second District Court of Appeal in Santiago v. Baker, 135 So. 3d 569 (Fla. 2d DCA 2014). We remand this case to the trial court for further proceedings.

Id. at 496.

Relying on Crespo, we reached a similar result in A.K. v. Orlando Health, Inc., 186 So. 3d 626 (Fla. 5th DCA 2016). The A.K. opinion, in its entirety, reads as follows:

> A.K. and W.K., individually and on behalf of their son, N.K., appeal from a nonfinal order compelling contractual arbitration. The arbitration provision in this case is substantially similar to the one we addressed in Crespo v. Hernandez, 151 So. 3d 495 (Fla. 5th DCA 2014), review granted, 171 So.3d 116 (Fla. 2015). As in Crespo, we hold that the arbitration agreement at issue here violates the public policy pronounced by the Legislature in the Medical Malpractice Act, chapter 766, Florida Statutes (2012), by failing to adopt the necessary statutory provisions. Accordingly, we reverse the order compelling arbitration and remand to the trial court for further proceedings. We also certify that this decision conflicts with Santiago v. Baker, 135 So. 3d 569 (Fla. 2d DCA 2014).

Id. We conclude that, based upon our holdings in Crespo and A.K., the instant arbitration agreement is unenforceable because it incorporates only some of the provisions of the MMA and, thus, violates public policy.

Here, in paragraph 5 of the parties' arbitration agreement, the Hospital incorporated the MMA's presuit requirements; therefore, under Crespo and A.K., the Hospital was required to incorporate all of the MMA's arbitration provisions in order for the arbitration agreement to be valid. The Hospital failed to do so and, thus, the arbitration agreement is invalid. See also Franks, 116 So. 3d at 1248 ("Because the Legislature explicitly found that the MMA was necessary to lower the costs of medical care in this State, we find that any contract that seeks to enjoy the benefits of the arbitration provisions under the statutory scheme must necessarily adopt all of its provisions.").

We reject the Hospital's argument that, under the instant agreement's severability clause, any invalid provisions can be severed, and, as a result, the instant matter can

proceed to arbitration.[2]  If the invalid provisions were severed, the trial court would be required to rewrite the parties' arbitration agreement by inserting the MMA's arbitration provisions. Florida courts do not authorize such action.  See Shotts, 86 So. 3d at 478 ("Based on the foregoing, we conclude that the limitations of remedies provision in the present case that calls for the imposition of the AHLA rules is not severable from the remainder of the agreement. Although the arbitration agreement in this case contains a severability clause, the AHLA provision goes to the very essence of the agreement. If the provision were to be severed, the trial court would be forced to rewrite the agreement and to add an entirely new set of procedural rules and burdens and standards, a job that the trial court is not tasked to do."). See also Estate of Yetta Novosett v. Arc Vill. II, LLC, 189 So. 3d 895 (Fla. 5th DCA 2016); Estate of Reinshagen ex rel. Reinshagen v. WRYP ALF, LLC, 190 So. 3d 224 (Fla. 5th DCA 2016).

Accordingly, we reverse the trial court's arbitration order and remand for further proceedings consistent with this opinion. As we did in Crespo and A.K., we certify conflict with the decision of the Second District Court of Appeal in Santiago v. Baker, 135 So. 3d 569 (Fla. 2d DCA 2014).

REVERSED AND REMANDED; CONFLICT CERTIFIED.

TORPY and EVANDER, JJ., concur.

---

[2] The severability clause provides:

> If any provision of this Agreement is determined by an arbitrator or a court of competent jurisdiction to be invalid or unenforceable, in whole or in part, the remaining provisions, and partially invalid or unenforceable provisions, to the extent valid and enforceable, shall nevertheless be binding and valid and enforceable.