IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROCKLEDGE NH, LLC, GREYSTONE
HEALTHCARE MANAGEMENT CORP.
AND JULIE D. MORRIS (AS ROCKLEDGE
HEALTH AND REHABILITATION CENTER),

      Appellants,

 v.

MARY ELIZABETH MILEY, BY AND
THROUGH, BRUCE W. MILEY,
ATTORNEY IN FACT,

      Appellee.

Case No. 5D16-812

_____/

Opinion filed May 19, 2017

Non-Final Appeal from the Circuit Court
for Brevard County,
George B. Turner, Judge.

Thomas A. Valdez, Karen M. Shimonsky,
and Jade M. Gummer, of Quintairos,
Prieto, Wood & Boyer, P.A., Tampa, for
Appellants.

Megan L. Gisclar, and Joanna Greber
Dettloff, of Wilkes & McHugh, P.A., Tampa,
for Appellee.

EVANDER, J.

     Rockledge NH, LLC, Greystone Healthcare Management Corp., and Julie D.

Morris ("Appellants") appeal an order denying their motion to compel arbitration. We

conclude that the arbitration agreement at issue contains an attorneys' fee provision that violates public policy. However, because the attorneys' fee provision could be properly severed from the arbitration agreement, it was error for the trial court to deny the motion to compel arbitration.

In September 2013, Mary Miley was admitted to Rockledge Health and Rehabilitation Center ("the facility"). During her admission process, Miley signed an admission agreement that included an arbitration provision:

> The facility and the resident or the resident's authorized representative recognize that future disagreements or disputes may arise and these parties both wish to agree now, in advance, to submit any disputes which may arise between the parties which they cannot otherwise resolve to binding arbitration instead of court litigation. The parties believe binding arbitration to be a speedy and economical alternative to what is generally a more protracted, more expensive, more public and more unpredictable means of resolving disputes. The parties hereto have entered into the attached arbitration agreement which is hereby incorporated by reference.
>
> The foregoing arbitration clause does not apply to actions brought by the facility to collect accounts receivable, unless specifically set forth in writing in a separate instrument.

Attached to the admission agreement and incorporated by reference was an "Addendum to Admission Agreement Optional Arbitration Agreement," wherein the parties agreed to resolve any disputes related to Miley's stay at the facility by arbitration. The arbitration agreement contained a fee provision that provided that each party would be responsible for its own attorneys' fees. Finally, the arbitration agreement contained the following severability clause:

> The foregoing notwithstanding, the Parties agree that all of the provisions contained in this Agreement are severable. In the event any provision of the agreement, or

2

portion thereof, or any rule incorporated by reference in the agreement, is held to be invalid by a court of competent jurisdiction, this agreement shall be interpreted as if the invalid provision or portion was not contained herein, and the remaining provisions of the agreement will remain in full force and effect. This agreement to arbitrate will not fail because any part, clause or provision hereof is held to be indefinite or invalid.

In June 2015, Miley, by and through her attorney-in-fact (and husband), Bruce Miley, sued the facility owner—Rockledge NH, LLC, the facility management company—Greystone Healthcare Management Corp., and the facility administrator—Julie Morris. The four-count complaint included a count for violation of Florida's Nursing Home Residential Rights Act, sections 400.022-.023, Florida Statutes (2013), two counts for violation of Florida's Adult Protective Services Act, section 415.1111, Florida Statutes (2013), and one count for breach of fiduciary duty.

Appellants responded to the complaint by filing a Motion to Dismiss and to Compel Arbitration. The trial court denied the motion, finding that the attorneys' fee provision violated public policy because it effectively "replaced" the prevailing party provision set forth in section 415.1111 with a provision requiring each party to be responsible for its own attorneys' fees. The trial court further found that the attorneys' fee provision was not severable. This appeal followed.

Florida's Adult Protective Services Act is remedial in nature. *Hochbaum v. Palm Garden of Winter Haven, LLC*, 201 So. 3d 218, 220 (Fla. 2d DCA 2016). Accordingly, an arbitration agreement provision that purports to preclude application of the Act's prevailing party fee provision is unenforceable because it violates public policy. *See id.* at 221 (holding that arbitration agreement that limits statutory remedy of attorneys' fees pursuant to section 415.1111 violates public policy).

Based on the determination that the arbitration agreement attorneys' fee provision violates public policy, we must next determine whether the provision is severable. Here, the parties' arbitration agreement contained a severability clause expressly providing that in the event a provision in the agreement was determined to be invalid, the agreement was to be interpreted "as if the invalid provision or portion was not contained herein, and the remaining provisions of the agreement [would] remain in full force and effect."

The existence of a severability clause is not dispositive of whether a void clause invalidates the entire arbitration agreement. *Estate of Novosett v. Arc Villages II, LLC*, 189 So. 3d 895, 896 (Fla. 5th DCA 2016). Rather, the controlling issue is whether an offending clause goes to "the very essence of the agreement." *Shotts v. OP Winterhaven, Inc.*, 86 So. 3d 456, 459, 478 (Fla. 2011); *Estate of Novosett*, 189 So. 3d at 896. On the other hand, a contract provision can be severed from a bilateral contract "where the illegal portion of the contract does not go to its essence, and where, with the illegal portion eliminated, there still remains of the contract valid legal promises on one side which are wholly supported by valid legal promises on the other." *Shotts*, 86 So. 3d at 475.

In *Hochbaum*, our sister court was similarly confronted with an arbitration agreement between a nursing home and one of its residents that contained an attorneys' fee provision that was inconsistent with the prevailing party attorneys' fee provision set forth in section 415.1111. The *Hochbaum* court concluded that the attorneys' fees provision did not go to the essence of the parties' agreement:

> Here, the offending provision deals only with attorneys' fees. The provision does not require the arbitration to be conducted in accordance with certain rules, and it does not limit the compensatory or punitive damages that Hochbaum may recover in arbitration. . . . It is clear from the agreements in this case that the parties agreed to bind themselves to

4

> arbitration for any disputes arising out of Donald Hochbaum's residency at the nursing home. The attorneys' fees provision does not go to the heart of the contracts, and severance of the attorneys' fees provision would not require a drastic rewriting of the agreements and would preserve the intent of the parties to adjudicate their disputes in arbitration.

*Hochbaum*, 201 So. 3d at 223 (citations omitted).

We agree with the reasoning of the *Hochbaum* court quoted above.[1] Because the offending attorneys' fee provision was severable from the arbitration agreement, we conclude that the trial court erred in denying the motion to compel arbitration.

REVERSED and REMANDED.

BERGER and EDWARDS, JJ., concur.

---

[1] In *Hochbaum*, the arbitration agreements at issue did not contain a severability clause. We do not address the question of whether we would have reached a different result in this case in the absence of a severability clause.