IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARIE A. GAETA, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF ANTHONY J. GAETA,

      Appellant,

v.                                   Case No. 5D17-2212

SEASIDE MANOR, LLC AND SABER
HEALTHCARE HOLDINGS, LLC,

      Appellees.

_____/

Opinion filed March 16, 2018

Non-Final Appeal from the
Circuit Court for Volusia
County,
Christopher A. France, Judge.

Herbert T. Sussman, of Boyer, Tanzler &
Sussman, P.A., Jacksonville, for Appellant.

Scott A. Cole, of Cole, Scott & Kissane,
P.A., Miami, for Appellees.

PER CURIAM.

      Appellant, Marie A. Gaeta, individually and as personal representative of the

Estate of Anthony J. Gaeta, appeals the trial court's non-final order compelling arbitration

of her tort claims against Appellees. Appellant's husband was admitted to Appellees'

assisted living facility, at which time Appellant signed, on behalf of her husband, an

agreement to arbitrate any disputes between the parties (the "Agreement"). Appellant argues that numerous provisions of the Agreement, including a limitation of liability provision, are unenforceable because they violate Florida's public policy, and that those provisions cannot be severed, citing *Gessa v. Manor Care of Florida, Inc.*, 86 So. 3d 484 (Fla. 2011), *Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456 (Fla. 2011), and *Estate of Reinshagen ex rel. Reinshagen v. WRYP ALF, LLC*, 190 So. 3d 224 (Fla. 5th DCA 2016). We agree.[1]

In light of this binding case law, Appellees make no attempt to argue that any of the challenged provisions are consistent with public policy or even that they are severable. Rather, Appellees' primary argument is that the arbitrator, not the court, must make those determinations because the Agreement contains a delegation provision. However, after a thorough review of the record, we do not find a delegation provision in the Agreement. Thus, we agree with Appellant that *Gessa*, *Shotts*, and *Reinshagen* compel a conclusion here that the limitation of liability provision in the Agreement is both unenforceable and not severable.

REVERSED and REMANDED.

PALMER, WALLIS and EISNAUGLE, JJ., concur.

---

[1] Appellant also challenges the validity of other provisions of the Agreement which may be against public policy, but we need not reach those issues in light of the controlling precedent of *Gessa*, *Shotts*, and *Reinshagen*.